WILLIAM E. LINCOLN vs. INHABITANTS OF WARREN.

Worcester.    October 1, 1889. — December 10, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Town Way — Alteration — Discontinuance.*

The Pub. Sts. c. 49, § 66, providing that "a town, at a meeting regularly called for the purpose, may discontinue any town way," does not authorize a town to discontinue a longitudinal strip along and within a town way by changing one of its side lines.

PETITION to the Superior Court, filed on May 28, 1887, for a jury to assess the damages to the petitioner's land by an alleged discontinuance of a portion of South Street, a town way in the respondent town.   The case was submitted to the Superior Court, and, after judgment for the respondent, to this court, on appeal, on agreed facts, in substance as follows.

A meeting of the respondent town was held on June 1, 1886, in pursuance of a warrant containing the following: "Article 2. To see if the town will discontinue a portion of the town way known as South Street, of sufficient width and length on which to build a proposed railway track" between certain points. Under this article it was voted "to discontinue a portion of the town way in the centre village of Warren, known as South Street, viz. . . . a portion or strip of said South Street nine feet wide extending " a certain distance, as "shown upon plan and lay out hereto annexed, . . . situate lengthways in said street in the place and part thereof shown upon said plan as the 'Proposed Track.' . . . Also another and additional portion and strip of said South Street, nine feet wide, situate easterly of and adjoining the outside westerly side line of said street, and extending" a certain distance.   The laying out was of the proposed side or spur track along the town way known as South Street, by certain courses and distances, and the plan referred to disclosed a railroad track constructed longitudinally within the limits and at one side of South Street for the distance named. The above vote was the discontinuance of the town way alleged in the petition, and was intended to apply to the longitudinal

strip within the way covered by the railroad track in question. The land of the petitioner abutted upon that side of the way which was alleged to be discontinued, and upon which was situated the strip in question.

*C. L. Gardner*, for the petitioner.

*W. S. B. Hopkins*, for the respondent.

KNOWLTON, J. The only question in this case is whether a town can by a mere vote alter one of the boundary lines of a town way, and discontinue that portion of the way which lies outside of the newly located line.

The Pub. Sts. c. 49, § 1, give the county commissioners jurisdiction to lay out, alter, or discontinue highways. Section 13 of the same chapter gives them jurisdiction to locate anew town ways. Town ways may be laid out or altered by the selectmen or road commissioners. Pub. Sts. c. 49, § 65. A like jurisdiction is commonly given to the mayor and aldermen, or some similar tribunal, in cities. If the selectmen or road commissioners unreasonably refuse or neglect to lay out or alter a town way, or if a town unreasonably refuses or delays to approve and allow a town way laid out or altered by the selectmen or road commissioners, resort may be had to the county commissioners. Pub. Sts. c. 49, §§ 73, 74.

In all these cases, before an adjudication can be made, notice of the proposed action must be given to the landowners along the way, that they may have an opportunity of being heard as to their interests. The proceedings are necessarily of a judicial character, calling for a careful consideration of all questions which affect the interests of the public, as well as of those which affect private rights. For this reason the Legislature has wisely given jurisdiction to tribunals which are so constituted as to be able to hear and consider, and to decide with deliberation and intelligence, the various questions which are likely to arise. An ordinary meeting of the voters of a town cannot properly investigate such matters.

When the selectmen or road commissioners lay out or alter a town way, they must report to the town the laying out or alteration, with the boundaries and measurements of the way, and must file their report in the office of the town clerk seven days at least before a meeting of the town called to vote upon the

acceptance and allowance of it; and the location or alteration cannot be established unless the town accepts it.    Pub. Sts. c. 49, § 71.    This is the only provision of statute that has come to our attention under which the inhabitants can vote directly upon the laying out or alteration of a way; and under this they cannot change the proposed location or alteration, but must accept or reject it as reported by the selectmen or road commissioners.

In the present case, the town assumed to act under the Pub. Sts. c. 49, § 66, which provide that " a town, at a meeting regularly called for the purpose, may discontinue any town way or private way."    This section is intended to permit action on the part of a town similar in kind to that taken upon a report of selectmen laying out a way.    It presents a single issue, namely, whether a certain existing way shall be discontinued or not.    It does not authorize the voters to consider whether a way shall be altered, and, if so, in what way and to what extent, and whether, by changing one of its lines, a portion along one side of it shall be discontinued.    Such action can properly be taken only by a tribunal proceeding judicially.

We are of opinion that the change which the respondent town attempted to make was an alteration of the way, which comes within the provisions of the Pub. Sts. c. 49, §§ 65–67.

*Petition dismissed.*