Argued 13 April; decided 24 April, 1899.

## MERCHANT v. TOWN OF MARSHFIELD.

[56 Pac. 1013.]

1. MUNICIPAL CORPORATIONS—PETITION FOR VACATING STREETS.—In a proceeding to vacate a plat of a town or an addition thereto, under Sections 4188 and 4189 of Hill's Ann. Laws, the petition must affirmatively show that petitioner is the owner of all the property in such town or addition.

2. STATUTORY CONSTRUCTION—VACATING TOWN PLAT.—The provision of Hill's Ann. Laws, § 4182, that if no opposition is made to a petition to vacate town lots the county court "may" vacate the same with such restrictions as it deems reasonable and for the public good, is not mandatory, in view of section 4163, providing that if opposition is made the court may proceed to hear and determine upon the application, and may, if in its opinion justice require it, grant the prayer of the petition in whole or in part, and section 4190, giving appellant, in case his petition is denied, an appeal to the circuit court.

3. PLEADING—VACATING PLATTED PROPERTY.—A petition to vacate town lots and blocks and the streets and alleys surrounding them, which shows that persons other than the petitioners are the owners of parts of the property abutting upon some of the streets or alleys sought to be vacated, is insufficient, under Hill's Ann. Laws, §§ 4181, 4185, where it does not show who such interested parties are, or what persons, if any, would be particularly affected by the vacation.

From Coos:    J. C. FULLERTON, Judge.

This is a proceeding by C. H. Merchant and John D. Spreckels against the Town of Marshfield to have a certain plat vacated. On January 15, 1897, the appellants filed with the Clerk of the Board of Trustees of the Town of Marshfield a petition, representing, in substance, that they are the owners in fee of the following described premises, situated in Railroad Addition to Marshfield, Coos County, Oregon, to wit, all of blocks numbered from 1 to 9, inclusive, 15 to 22, inclusive, 31 to 38, inclusive, 44 to 50, inclusive, all that portion of blocks 52, 53, and 54, not embraced within the limits of the Odd Fellows' Cemetery, all of blocks 55 to 62, inclusive, and the east half of blocks 64 to 68, inclusive; that they are also the owners in fee, subject to the rights of the public therein, of all the streets, avenues, and alleys fronting, abutting upon, or surrounding the said lots and blocks;

that the same are not now valuable or needed, cannot be used as town property, and, if vacated, would be of greater value to the owners thereof ; that the said Railroad Addition was laid out, and the streets and alleys thereof were dedicated, by C. H. Merchant, and Mary L. Merchant, his wife, and that the petitioners are the owners of the greater portion of the lands embraced in said addition ; that they do not know of any person or persons whose rights would be affected, injured, or damaged by the vacation of said lots and blocks, and the streets, avenues, and alleys fronting, abutting upon, and surrounding the same ; that none of such streets, avenues, or alleys, or any part thereof, have ever been opened, improved, or used by the public, or are now needed for public use or occupancy. Their prayer is that all said lots, blocks, and parts of blocks, and all that portion of the streets, avenues, and alleys fronting, abutting upon, or surrounding the same, be vacated. On September 22, 1897, the board of trustees took action regarding the petition, and made and entered an order adjudging that the prayer thereof be denied and the petition dismissed. The order recites, among other things, the filing of the petition ; the giving of due and legal notice ; the adjournment until the last day named ; that no remonstrance had been filed, or opposition interposed thereto ; and that, after hearing argument of counsel, and upon due consideration, they took the action indicated. On the twenty-eighth of September, the petitioners appealed from the order of the board of trustees to the circuit court for Coos County, which court, on motion of respondent, gave and entered judgment dismissing the appeal, from which the petitioners now appeal to this court.      Affirmed.

For appellants there was a brief and an oral argument by *Messrs. D. Lawrey Watson, Jos. W. Bennett,* and *D. L. Watson, Jr.*

For respondent there was a brief and an oral argument by *Mr. J. S. Coke, Jr.*

MR. CHIEF JUSTICE WOLVERTON, after stating the facts in the foregoing language, delivered the opinion.

This proceeding was instituted under statutory enactments respecting the vacation of towns, streets, etc. In order to a full understanding of the questions involved, it becomes necessary to set out with considerable particularity, the provisions of Hill's Ann. Laws relative thereto. Section 4181 : "Whenever any person or body corporate interested in any town in this state not incorporated, or which has not a corporation in active operation, may desire to vacate any lot, street, alley, common, or any part thereof, or may desire to vacate any public square or part thereof, in any such town, it shall be lawful for such person or corporation to petition the county court of the proper county, setting forth the particular circumstances of the case, and giving a distinct description of the property to be vacated, and the names of the persons to be particularly affected thereby." Section 4182 : "If no opposition be made to such petition or application, the county court may vacate the same, with such restrictions as they may deem reasonable and for the public good." Section 4183 : "If opposition be made thereto, such application shall be continued until the next term of said county court, at which time, if the objector shall consent to said vacation, or if the petitioner shall produce to the county court the petition of two-thirds of the property holders in said town of lawful age, the said county court may proceed to hear and deter-

mine upon said application, and may, if in their opinion justice require it, grant the prayer of the petition, in whole or in part.'' Section 4185 : ''No such vacation of a street or alley shall take place unless the consent of the person or persons owning the property immediately adjoining to said street or alley be obtained thereto in writing, which consent shall be acknowledged before the county clerk.'' Section 4186 : ''In cases where any person interested in any corporated town in this state, the corporate functions of which shall be in active operation, may desire to vacate any street, alley, or common, or part thereof,'' petition may be made to the common council or other body, in like manner and with like effect as persons interested in towns not incorporated are authorized to proceed before the county court. Section 4188 : ''In all cases where two or more persons have laid out· or shall hereafter lay out a town on lands contiguous and adjoining to each other, and such town does not improve, either of the individuals holding all the legal rights, title, and interest in all the lots laid off by such party and attached may have the same vacated as in case of ·a lot, street, or alley on application of the party laying out such addition or part of said town, or on the application of such person as may acquire or derive the legal title to the land and lots in such addition ; and in no case shall persons purchasing lots in other additions of said town be capable of making any valid objection to said vacation if such vacation does not obstruct any public road or highway laid out and established by law.'' Section 4189 : ''If any person shall lay off an addition to any town, which does not improve, and shall be the legal owner of all the lots contained in such additions, such persons, or any other person. who shall become the legal owner thereof, may have such addition or any part thereof vacated in the like manner as provided in the

last preceding section." Section 4190: "Whenever the county court or city council shall refuse the application of any person or persons, made as provided in this chapter for the vacation of any part of any town or city, such person or persons may appeal from such order refusing such application to the circuit court of the county where such town or city is situated."

1. It was suggested at the argument, though not strenuously urged, that the petition might be sustained and the relief granted under either section 4188 or 4189; but this cannot be so, as it contains no averment or suggestion that the petitioners are the owners of all the lots and blocks laid off in said Railroad Addition; indeed, the palpable inference is quite the contrary. The first of these sections is designed for the relief of the owner of land laid out with contiguous territory into a town, where such town does not improve. In that event, parties holding lots in said contiguous territory cannot be heard to object to the vacation. The latter section comprises a case where a person has laid off an entire addition, and he or his successors own all the lots contained therein. The ownership of all the lands proposed to be vacated must, in both cases, appear to be in the petitioner. Such is the nature of the showing required by the respective sections, and, in that respect, the petition is deficient.

2. The principal contention, however, is that the petitioners, having shown that they are the owners of the greater portion of the lands sought to be vacated, that they do not know of any person or persons whose rights would be affected, injured, or damaged by a grant of the relief demanded, that none of the streets, avenues, or alleys asked to be vacated have ever been opened, improved, or used by the public, and that no part of the same is needed for public purposes, have, by such show-

ing, brought themselves within the purview of sections 4181 and 4186, and were entitled, as of right, to the order of vacation by the board of trustees. This contention is founded upon a mandatory interpretation of the statute, which would require affirmative action at all events. It is urged that the word "may" under section 4182, should be construed to mean "shall" or "must," and therefore that, whenever a petition of the kind is presented to the proper board for the vacation of the town, or part thereof, they have but one duty to perform, and that is to grant the prayer *in toto*. Several authorities have been referred to as determining when the word "may" should be construed to mean "shall" or "must," which state the principle upon which the construction finds support. But the intention of the legislature respecting the signification of the word "may" in the act in question is so clearly manifest as to leave no room for construction. Section 4182 recites that "the county court may vacate the same, with such restrictions as they may deem reasonable and for the public good,"— that is, in case there is no opposition to the application ; and section 4183 provides that, if opposition is made, and the objector shall thereafter consent to the vacation, or if the petitioner shall produce to the county court the petition of two-thirds of the property holders in the town of lawful age, "the said county court may proceed to hear and determine upon said application, and may, if in their opinion justice require it, grant the prayer of the petition in whole or in part." These sections indicate a legislative intendment that the county court or the city council, as the case may be, shall proceed judicially in the matter, and shall determine what was reasonable and in accordance with justice and right. This idea is reinforced by the fact that section 4190 gives the applicant, in case his petition is denied, an appeal to

the circuit court of the county where the town or city is located. In this view, the use and employment of the word "may" should be construed as empowering the county court or common council to act judicially in the premises, and to render judgment accordingly; and it follows, by virtue of the section last noted, that the acts of such body in that regard are subject to revision by an appeal to the circuit court: *Lincoln* v. *Inhabitants of Warren*, 150 Mass. 309 (23 N. E. 45). The circuit court, therefore, acquired jurisdiction by the appeal.

3. The application was properly dismissed, however, for the reason that the petition does not state the necessary statutory facts upon which to predicate the relief. By section 4185, no vacation can be allowed without the consent of the person or persons owning the property immediately adjoining the streets or alleys sought to be vacated; and section 4181 requires the names of persons affected thereby to be set forth in the petition. Now, the petition, when read in its entirety, indicates very clearly that persons other than the petitioners are the owners of property, or lots and blocks, or parts thereof, abutting upon the streets and alleys, or some of them, sought to be vacated; and it does not show who said interested parties are, or what persons, if any, would be particularly affected by the vacation, as is contemplated by said sections 4181 and 4185. This requirement is made important by the statute; and the petition, not having complied therewith, does not state sufficient facts upon which to base the relief demanded, and was properly dismissed. These considerations affirm the judgment of the court below, and it is so ordered.

AFFIRMED.