Submitted on briefs without argument. Decided Oct. 10, rehearing denied November 14, 1911.

## KIME v. THOMPSON.

[118 Pac. 174.]

TRIAL—BY COURT—FINDINGS OF FACT AND CONCLUSIONS OF LAW— DUTY TO MAKE—ACTIONS IN WHICH NECESSARY.

1. In the absence of an issue of fact, findings of fact and conclusions of law thereupon are not necessary.

HIGHWAYS—TAXES—LEVY AND ASSESSMENT—STATUTES—"MAY."

2. Section 937, L. O. L., gives the county court the authority and powers of county commissioners to transact county business. It is authorized by subsections 3 and 4 to establish, vacate, or alter highways, and provide for the erection of bridges. By subsection 7, to determine the amount of revenue to be raised for county purposes, and to levy the rate necessary therefor; and by subsection 9 it is given the general management of county property, funds, and business, where the law does not otherwise provide. Acts 1903, p. 262, which remodeled the entire road system of the State, repealing all previous legislation on the subject, did not in terms repeal section 937; but it was amended by Acts 1909, p. 296, so as to provide, in section 34 (Sections 6320, 6321, L. O. L.), that the county court "may" levy a tax, not to exceed 10 mills on the dollar, which shall be set apart as a general road fund. *Held* that, while the word "may," when referring to a ministerial public duty, is often construed as "shall" or "must," the ordinary import of the word is directory, and as the later legislation does not in terms attempt to infringe on the authority of the county court its provisions must be regarded as merely cumulative, and it rests within the discretion of the county court to make the levy provided for in section 34.

COUNTY COURT—MANDAMUS—OFFICIAL ACTS—TAXATION.

3. The power of taxation being an attribute of sovereignty vested in the county court, its exercise of that power cannot be controlled by mandamus or restrained by injunction, unless the statute creating the power, points out its limitations.

From Lane:   WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE BURNETT.

In this suit the plaintiffs, A. W. Kime, B. K. Lawson, J. H. Bartels, C. W. Wallace, John F. Spray, and O. M.

Kern, are described as citizens, residents, and taxpayers within the corporate limits of the city of Cottage Grove, Lane County, State of Oregon. The defendant, Helmus W. Thompson, is the duly elected, qualified, and acting county judge, and the other defendants are, respectively, the county commissioners, the county clerk, and the county treasurer of that county. As to the first cause of suit, the substance of the complaint is that for some years past the defendants and their predecesors, as such county officers, have pursued the policy of paying all expenses of improving roads and bridges and the like out of the fund of the county derived from taxes levied for general county purposes, refusing to levy a road tax to be set apart as a general road fund applicable only to the highway purposes named, and, unless restrained, these officers will continue such previous policy, all to the irreparable damage of the plaintiffs.

For a second cause of suit, the complaint alleges in substance that at the term of the county court of Lane County, in January, 1911, it was the duty of that court to levy a tax of not over ten mills, to be set apart as a general road fund, and to divide 50 per cent of the same, when collected, among the several road districts of the county proportionally to the taxable property in each district; but, instead of so doing, the court estimated that four mills on the dollar of taxable property in the county would be required for highway purposes, and included that amount in the levy for general county purposes, refusing to make any levy expressly for a general road fund, thus making the rate for general county purposes four mills too high, all to the irreparable injury of the plaintiffs.

Again, as a third cause of suit, the plaintiffs, after describing themselves as residents and taxpayers within the limits of the incorporated city of Cottage Grove, aver,

in substance, that Cottage Grove, by virtue of its charter granted by the legislative assembly, is a separate road district, over which the authority of the county court to levy and collect road taxes does not extend. On the contrary, the city alone, within its limits, has sole power to levy and collect road taxes, and to apply them within its own discretion. In this connection, they complain that the action of the county court in refusing to create a general road fund by a tax for that specific purpose, and in paying the highway expenses of the county out of the general fund, amounts to double road taxation upon them and other taxpayers in Cottage Grove, all to their irreparable injury.

The defendants interposed a general demurrer to the complaint which the circuit court overruled, and as they stood upon their demurrer the court made findings of fact, which are simply a recitation of the complaint, and entered a decree as prayed for, with costs. From this decree, the defendants have appealed. REVERSED.

For appellants there was a brief over the names of *Messrs. Woodcock & Smith, Thompson & Hardy* and *Potter & Bryson.*

For respondent there was a brief over the names of *Mr. James C. Johnson,* and *Mr. John S. Medley.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. Inasmuch as the only issue presented was an issue of law, it is not apparent why the court should go to the trouble of making findings of fact and conclusions of law thereupon. Unless there is an issue of fact, it is wholly unnecessary to make findings of fact, as they only serve to impose additional labor on the clerk in entering the record, which they incumber, and add to the expense of a transcript on appeal. They are wholly unnecessary in such cases.

2, 3.   By the terms of Section 937, L. O. L., the county court has the authority and powers pertaining to county commissioners to transact county business; among other things:

"3.  To establish, vacate or alter county roads or highways within the county or any other necessary act pertaining thereto in the manner provided by the law.   4. To provide for the erection and repairing, within the county, of public bridges on any road or highway established by public authority. * * 7. To estimate and determine the amount of revenue to be raised for county purposes and to levy the rate necessary therefor together with the rate required by law for any other purpose and cause the same to be placed in the hands of the proper officer for collection. * * 9. To have the general care and management of the county property, funds and business where the law does not otherwise expressly provide."

The legislative assembly of 1903 passed an act (Laws 1903, p. 262) remodeling the entire road system of the State, and repealing all previous legislation on that subject, but did not in terms amend or repeal the section from which these excerpts are taken.   The legislative assembly of 1909 (Laws 1909, p. 296) amended Section 34 of the act of 1903, already noted, so as to read as follows:

"Section 34.   That the county court or commissioners' court of each county in the State may levy a tax of not to exceed ten mills on the dollar on all taxable property of said county at the time of making the annual tax levy from the previous years assessment which shall be set apart as a general road fund to be used in the building and improving the public or county roads or bridges on county roads of the county in which the property is located.   Said tax shall be paid in money and collected in the same manner as other county taxes are collected and when so collected shall be used for road purposes only as provided in this act and fifty per cent thereof shall be apportioned to the several road districts in such proportion as the amount of taxable property in each district shall bear to the whole amount of taxable property in

the county and the remaining fifty per cent shall be applied to roads in such locality in the county as the court may direct. * *"

The remainder of the section provides a scheme whereby the taxpayers of any road district in any county of the State may vote an additional tax for road purposes, provided at least ten per cent of the taxpayers of the said district shall give certain notices and comply with other requirements that are prescribed, whereby the proceedings of the taxpayers' meeting may be reported to the county court, and the levy collected as other taxes are collected. The provisions of the legislation of 1909 are embodied in Sections 6320 and 6321, L. O. L.

The contention of the plaintiffs is that, so far as the county court is concerned, these provisions are mandatory upon that tribunal, and exclusive of every other method of raising funds for the improvement of highways and bridges in the county. They argue that "may," where used in the act, means "must," constituting an imperative duty upon the county court to levy the tax named in Section 6320. Where a ministerial public duty is to be performed by some officer, or the right of an individual is affected by the actions of that officer, the word "may" has often been construed as "shall," in a mandatory sense; but the ordinary import of the word is that it is directory. The cases of *Smith* v. *King,* 14 Or. 10 (12 Pac. 8) ; *Kohn* v. *Hinshaw,* 17 Or. 308 (20 Pac. 629), and *McLeod* v. *Scott,* 21 Or. 94 (26 Pac. 1061: 29 Pac. 1), are cases where "may" has been construed in a mandatory sense; but all these were cases where the rights of a private individual were affected by the action or non-action of the officers in question. The rule is thus stated by Mr. Chief Justice LORD in *King Real Estate Association* v. *City of Portland,* 23 Or. 199 (31 Pac. 482) :

"It has always been construed 'must' or 'shall' whenever the rights of third persons or the public good requires

it. But this is so only when it is necessary to give effect to the intention of the legislature, as where it is clear that such intention is to impose a positive and absolute duty, and not merely to give a discretionary power."

The discretionary signification is given to the word "may" by the cases of *Merchant* v. *Marshfield*, 35 Or. 55 (56 Pac. 1013), and *Barringer* v. *Loder*, 47 Or. 223 (81 Pac. 778). The power of taxation is an attribute of sovereignty vested in the county court, and, unless the statute creating the power points out its limitations, the court cannot control the county commissioners by mandamus, nor restrain them by injunction, in respect to the exercise of that power. The later legislation does not attempt to infringe upon the authority of the county court as prescribed in Section 937, L. O. L. In our judgment, the provisions of Section 6320, L. O. L., are merely cumulative in the matter of taxation; and, the language being permissive only, it is within the discretion of the county court to levy the tax mentioned therein or not. If it is to be construed as mandatory in that section prescribing the power of the county court, it should also be construed as mandatory upon the taxpayers of the road districts in the succeeding Section 6321, for both those sections were enacted as one by the statute of 1909. If it means "must" in one case, it should mean the same in the other; but this is not admissible, in our judgment, in the construction of that section. It is not apparent that the legislature intended to confine the county court to the levy of a tax for a special road fund in furtherance of its efforts to improve the highway, or to deprive it of the power of applying other funds to the betterment of its public thoroughfares. Acting as it does in that respect, in a governmental capacity, we could not by mandamus compel the county court to make the levy authorized in Section 6320, L. O. L., neither can we accomplish the same result

indirectly by injunction. For these reasons, the court erred in upholding the contention of the plaintiffs below.

The decree of the circuit court is reversed, and one here entered, dismissing the suit.     REVERSED.