Argued October 28, affirmed December 30, 1925, rehearing denied February 2, 1926.

## CITY OF PENDLETON *v.* UMATILLA COUNTY.

(241 Pac. 979.)

**Statutes—When Enactment of Legislature as Applied to Counties is not "Local Law" Within Constitutional Meaning Stated.**

1. A legislative enactment, classifying counties according to their population, and prescribing one rule for all counties coming within one of the classifications and a different rule for all counties coming within the other classification, is not a "local law" within Constitution, Article IV, Section 23, subdivision 10, if it operates alike upon all of the counties, according to whether they come within one or the other of two classes.

**Constitutional Law—Statute Fairly Susceptible to Two Constructions, One of Which will Make It Valid and the Other Invalid, must be Construed According to Construction Making It Valid.**

2. Where a statute is fairly susceptible to two constructions, one of which will make it constitutional and the other invalid, the court must place that construction upon it, which will render it legal rather than the one which will make statute illegal.

1. What are "local" statutes, see notes in 23 **Am. Dec.** 543; 1 **Am. St. Rep.** 903.

Statutes relating to counties as local, see note in 4 **Ann. Cas.** 661. See, also, 7 **R. C. L.** 933.

Statutes—Statute Containing Mandatory and Directory Directions to Counties to Levy Tax for Road Fund Held not Invalid as Being "Local Law."

3.  Section 4600, Or. L., requiring counties of population of 25,000 or less, based on 1910 federal census, to levy tax for general road fund, and making the levy of such tax optional with counties having population in excess of 25,000, construed as intending that counties shall be reclassified at each succeeding federal census, *held* not invalid as a local law within Constitution, Article IV, Section 23, subdivision 10, as distinguished from General Laws, Article IX, Section 1.

Highways—In the Years That Umatilla County had a Population of 25,000 or Less, It was Required to Levy Separate Road Tax, but, as Soon as Federal Census Disclosed It to have More Than 25,000 Levy of Such Tax was Optional With It.

4.  In the years 1919, 1920, Umatilla County, because its population was 25,000 or less, as disclosed by 1910 census, was required in making a tax levy under Section 4600, Or. L., to levy a separate road tax, in view of mandatory provisions of Section 4600 as to such counties, but as that county had a population of more than 25,000 as shown by federal census of 1920, the directions of the statute to levy a tax for road purposes were thereafter directory only.

Highways—Failure of County Court to Levy Tax Required by Statute Could not Render County Liable for Amount That Would have Been Received and Apportioned to City had Tax Been Levied.

5.  Failure of County Court to levy a tax for road purposes as required by Section 4600, Or. L., while constituting breach of official duty, could not render the county liable for amount that would have been received and apportioned to city, had the tax been levied as Section 4600 directs.

Counties—While County is Body Politic, Rights not Determinable by Law Applicable to Private Corporations.

6.  While a county is a body politic, and has the power to sue and be sued, its rights are not to be determined by the law applicable to private corporations.

Counties—Counties Subject to Control of Legislature.

7.  Counties are created for public purposes connected with the administration of the state government, and are subject to control of the legislature.

Counties—County is not Liable for Revenues Which Statute Requires It to Apply to Particular Purposes, Where It Does not Receive Such Revenues.

8.  County is not liable for revenues which statute requires it to apply to particular purposes, where it does not receive such revenues.

Counties—Counties are not Responsible for Wrongful Acts or Omissions of Their Officers.

9.    Counties are not responsible for wrongful acts or omissions of their officers.

Highways—County was not Liable to City for Portion of Tax Lawfully Levied Under Certain Statute, as Distinguished from Statute Directing Apportionment Between City and County.

10.    County *held* not liable to a city for a portion of tax lawfully levied under Section 937, Or. L., as distinguished from Section 4600, which directs an apportionment of taxes levied thereunder between city and the county.

Highways—Umatilla County in 1921, by Reason of Population in Excess of 25,000, Could Levy Tax Under Either One of Two Statutes.

11.    Umatilla County in 1921, by reason of population in excess of 25,000, could levy a tax under either Section 4600, Or. L., or Section 937.

---

Constitutional Law, 12 **C. J.**, p. 788, n. 1.
Highways, 29 **C. J.**, p. 740, n. 17, p. 741, n. 23.
Taxation, 37 **Cyc.**, p. 749, n. 90.

From Umatilla: Gilbert W. Phelps, Judge.

In Banc.

Affirmed.    Rehearing Denied.

For appellant there was a brief and oral argument by *Mr. C. Z. Randall.*

For respondent there was a brief over the name of *Mr. C. C. Proebstel,* with an oral argument by *Mr. Edward J. Clark.*

RAND, J.—This suit was instituted by the City of Pendleton to compel the County of Umatilla to account for and pay over to the city certain moneys collected by the county as road taxes during the year 1919, and each year thereafter, up to and including the year 1923. A demurrer to the complaint was sus-

9.    See 7 R. C. L. 957.

tained, and from an order dismissing the suit the city has appealed.

In substance, the complaint alleges that pursuant to Section 4600, Or. L., it was incumbent upon Umatilla County to levy a separate road tax during each of said years upon all taxable property within the county, and, when collected, to apportion and pay to plaintiff such proportion of 70 per cent thereof as the total taxable property within the city, at the time of the levy, bore to the total amount of the taxable property within the county; that road taxes were levied and collected by the county during each of said years, and that the sums levied and collected were expended by the county upon the county roads of the county and no part thereof has ever been apportioned or paid to plaintiff, The complaint prays for an accounting and for judgment for the city's proportion of the taxes collected by the county for road purposes during said years. Attached to and made a part of the complaint, marked as Exhibits "A," "B," "C," "D," and "E," are copies of the tax levies of Umatilla County for said years.

The defendant county's contention is, in effect, that the plaintiff, if entitled to recover at all, has a full, adequate and complete remedy at law, and, for that reason, a court of equity has no jurisdiction over the subject matter of the suit. Defendant also contends that Section 4600, providing for the levying and collection of taxes, is not a general law operating uniformly throughout the state as required by Article IX, Section 1, but is a local law and within the prohibition of Article IV, Section 10, of the organic act. Defendant also contends that the tax levies, as shown by Exhibits "A," "B," "C," "D" and "E," which are copies of the orders of the County Court making said levies, on their face show that the levies were

not made pursuant to Section 4600, but were made under the authority conferred by Section 937, Or. L., which latter section contains no requirement for apportioning or paying to any incorporated city or town any part of taxes levied for road purposes, and authorizes the County Court to expend the same, when collected, upon any of the county roads of the county, and that under the doctrine announced and followed in *Kime* v. *Thompson,* 60 Or. 183 (118 Pac. 174), and *Roney* v. *Lane County,* 81 Or. 372, 377 (159 Pac. 73) no suit or action can be maintained by any incorporated city or town to recover any part of the taxes collected under a levy made pursuant to the provisions of Section 937.

The constitutionality of Section 4600 was questioned upon other grounds than those now urged in *Astoria* v. *Cornelius* (Or.), 240 Pac. 233, and it was there held that the statute was not unconstitutional. The particular objections now urged were not called to the attention of the court upon that appeal but were considered by the court at that time, although not referred to in the opinion then rendered. Section 4600, Or. L., reads as follows:

"It shall be, and is hereby made, the duty of the (county) court or commissioner's court of each county in this state to levy a tax of not less than one mill nor more than ten mills on the dollar on all taxable property in such county at the time of making the annual tax levy, which shall be set apart in the county treasury as a general road fund, to be used in establishing, laying out, opening, surveying, altering, improving, constructing, maintaining and repairing county roads, and bridges on county roads, or used in like manner alone or in co-operation with the state on roads within such county known as state roads, or such roads, or any portion thereof built in co-operation with the United States in accordance

with an act of congress approved July 11, 1916, entitled 'An act to provide that the United States shall aid the states in the construction of rural postroads and for other purposes,' or any other act of congress, rule, or regulation of any department of the United States, except this provision shall not apply in counties having a population of over twenty-five thousand (25,000) according to the United States census of the year 1910; and such county court or commissioner's court of each county in this state is hereby authorized to co-operate with the state, the United States or any department thereof in the improvement of any public road within such county; provided, however, that counties having a population of more than twenty-five thousand may levy a tax of not more than ten mills on the dollar on all taxable property in such county for a general road fund as in this act provided. Said tax shall be paid in money, and levied and collected in the same manner as other county taxes are levied and collected and when so collected shall be used for road purposes only, as provided in this act, and seventy per cent thereof shall be apportioned to the several road districts, including districts composed of incorporated cities and towns in such proportion as the amount of taxable property in each district shall bear to the whole amount of taxable property in the county, and the remaining thirty per cent shall be applied to roads in such locality in the county as the county court or commissioner's court may direct; provided, that the amount apportioned to any incorporated city or town shall be transferred to such incorporated city or town to be expended under the management of the officials of such incorporated city or town for the improvement and repair of county roads and for the repair and maintenance of improved streets within the boundaries of such city or town.''

1. As the basis of its contention that Section 4600 is unconstitutional, defendant construes this statute to mean that all of the counties of the state must be

117 Or.—10

classified according to the population they had in 1910, as shown by the federal census of that year, and that no reclassification of the counties of the state can ever be made under the statute, regardless of what their future .population may be. That such a classification, when relating to the assessment and collection of taxes for road purposes, would be a special or local law and would be in violation of the constitutional provisions referred to is obvious, and, if the statute has that effect, it was not within the power of the legislature to enact it. The power of the legislature, however, to classify counties according to their population, and to prescribe one rule for all counties coming within one of the classifications and a different rule for all counties coming within the other classification, providing that it operates alike upon all of the counties of the state according to whether they come within one or the other of the two classes, is not a local law within the meaning of the term as employed in the Constitution. This power as well as the limitations upon the power of the legislature in respect thereto, is so well settled in this state that it would be idle to attempt a restatement of it. See *Ellis* v. *Frazier,* 38 Or. 462 (63 Pac. 642, 53 L. R. A. 454); *Ladd* v. *Holmes,* 40 Or. 167 (66 Pac. 714, 91 Am. St. Rep. 457); *Ex parte Northrup,* 41 Or. 489, 493 (69 Pac. 445); *State* v. *Muller,* 48 Or. 252, 258 (85 Pac. 855, 120 Am. St. Rep. 805, 11 Ann. Cas. 88); *State ex rel. Swigert,* 59 Or. 132, 136 (116 Pac. 440); *Chan Sing* v. *Astoria,* 79 Or. 411, 418 (155 Pac. 378); *State* v. *Blanchard,* 96 Or. 79, 92 (189 Pac. 421); *Tichner* v. *Portland,* 101 Or. 294, 298 (200 Pac. 466).

An examination of Section 4600 discloses that it first contains a provision requiring the County Court of every county in the state "to levy a tax of not

less than one mill nor more than ten mills on the dollar on all taxable property in such county at the time of making the annual tax levy, which shall be set apart in the county treasury as a general road fund," to be used for the purposes there stated; that this provision is followed by an exception which reads: "except this provision shall not apply in counties having a population of over twenty-five thousand (25,000) according to the United States census of the year 1910"; that the first proviso which follows the exception is in these words: "provided, however, that counties having a population of more than twenty-five thousand may levy a tax of not more than ten mills on the dollar on all taxable property in such county for a general road fund as in this act provided."

It will be observed that the words contained in the exception, "according to the United States census of the year 1910," are not contained in the proviso. Because of said omission from the proviso of said clause which was contained in the exception, this court was of the opinion, when rendering its decision in *Astoria* v. *Cornelius, supra,* although nothing concerning the same was said in the opinion then rendered, that the legislature, in omitting said clause from the proviso, intended that the classification of counties according to population as shown by the 1910 census was not to be a permanent classification, but that the counties of the state were to be reclassified as each succeeding federal census should be taken according to the population they should thereby be shown to have.

2–4. The statute is fairly susceptible to this construction, and by placing this construc005ton upon it the statute is valid. Where a statute is fairly susceptible to two constructions, one of which will make it

constitutional and the other invalid, it is the duty of
the court to place that construction upon it which will
render it legal, rather than the one which will make
it illegal. Under this construction the duty of the
County Court of Umatilla County, in making its tax
levy for the years 1919 and 1920, to levy a separate
road tax in conformity to the directions contained
in Section 4600 was mandatory, since, by the census
taken in 1910, that county had a population of less
than 25,000. But as that county had a population
of more than 25,000 as shown by the federal census
of 1920, the directions of the statute to levy a tax
for road purposes were thereafter not mandatory
but were permissive and directory only, the directory
language being "may levy a tax."

Prior to the 1919 amendment of this statute, the
authority to levy a tax for road purposes was con-
ferred by the statute in these words: "may levy a
tax." That statute, containing the words, "may levy
a tax," was construed in *Kime* v. *Thompson, supra,*
*Bowers* v. *Neil,* 64 Or. 104 (128 Pac. 433), and *Roney*
v. *Lane County, supra,* and because of the words,
"may levy a tax," it was held in those cases that the
directions of the statute were directory only. As so
amended, the statute as to counties having a popula-
tion of more than 25,000 contains the same identical
provision, and, under the authority of those cases, this
provision, as to counties having a population of more
than 25,000, is directory only.

Having thus disposed of the question of the con-
stitutionality of the statute, we will now consider
the levies made by the County Court of Umatilla
County for the years in controversy, having regard
to the fact that it was, in effect, held in *Bowers* v.
*Neil, supra,* that if the levy is made pursuant to Sec-

tion 4600, whether the county has a population of more or less than 25,000, then an apportionment and payment to the incorporated cities and towns and road districts within the county must be made.

It affirmatively appears from Exhibits "A" and "B," which are copies of the order of the County Court directing tax levies to be made for the years 1919 and 1920, that the 1919 order contains an estimate of the amount required for "General Expenses, including Roads and Bridges, $168,297.09" and directs a tax to be levied for "State and County Tax, including Roads and Bridges, 7.25–60 mills on each dollar's worth of taxable property, payable in coin." Exhibit "B," which is for 1920, is identical except the amount estimated is $172,498.42, and the rate of the levy is 10.27–60 mills.

Exhibit "C," ordering a tax levy for the year 1921, estimates the amount required for "Roads and Bridges, including roadmaster's salaries, roadmaster's office and repair shop, $113,746.63," and directs a levy to be made "for Roads and Bridges 1.57–60 mills on each dollar's worth of taxable property, payable in coin."

Exhibit "D," the order for the tax levy for the year 1922, estimates the amount required for "Roads and Bridges, including interest on outstanding warrants, roadmaster's salary, roadmaster's office and repair shop, $103,183.83," and directs a levy to be made for "Roads and Bridges, including interest on outstanding warrants, 1.27–60 mills on each dollar's worth of taxable property, payable in coin."

Exhibit "E," levy for 1923, is identical in all respects to the tax levy made in 1922, except the amount of the estimate is $113,250, and the rate of apportionment is 1.4 mills.

It will thus be seen that it affirmatively appears from the exhibits which were attached to and made a part of the complaint that the County Court made no separate levy for road purposes only in 1919 and 1920, and that instead of making a separate levy for road purposes for those two years, it made one levy which included in the amount levied all county expenses, not only the amount which was levied for roads and bridges, but all amounts which were levied for county expense. Hence, for those two years, although it was the duty of the County Court to make a separate levy, no separate levy was made and it is not possible, from anything contained in the order, to make any segregation of the amount levied for roads and bridges alone from the total amount levied for all county purposes. It is not possible to make a segregation by ascertaining the amount which the county expended during those two years upon its roads and bridges, for it is the amount levied separately and not the amount expended for roads and bridges which must be apportioned.

5-8. The failure of the County Court of Umatilla County to levy the tax required by the statute for the years 1919 and 1920, while it constituted a breach of official duty, could not render the county liable for the amount that would have been received and apportioned had the tax been levied as the statute directs. While a county is a body politic and corporate and has the power to sue and be sued, its rights are not to be determined by the law applicable to private corporations: *Yamhill County* v. *Foster,* 53 Or. 124 (99 Pac. 286), and *Gearin* v. *Marion County,* 110 Or. 390 (223 Pac. 929). Counties are created for public purposes connected with the administration of the state government, and, of course, are subject to the control of the legislature.

"Where, therefore, the legislature directs the application of the revenue on deposit in the treasury to a particular purpose or its payment to any party, a duty is imposed and an obligation created upon the county." *Sangamon County* v. *City of Springfield,* 63 Ill. 66.

9. But before this rule can apply to a county, the revenue for which it is to be held liable must have been received by it. Counties are not responsible for the wrongful acts or omissions of their officers: *Gearin* v. *Marion County, supra.* The demurrer, therefore, was properly sustained to the first and second separate causes of suit set forth in the complaint which cover the levies made for the years 1919 and 1920.

10. The orders directing the levy of a tax for the years 1922 and 1923, Exhibits "D" and "E," show that no separate tax levy for road purposes only was made during either of said years. Each included the levy of a tax to be expended both for road purposes and for the payment of interest on outstanding county warrants. This unmistakably shows that it was not the intention of the County Court of Umitilla County, in making its levy, to make a separate levy for road purposes only. And, since it was optional with the County Court of that county to levy either under the provisions of Section 4600 or under those of Section 937, that county at the time having a population of more than 25,000, and since a levy could not be made for both purposes under Section 4600, it follows that the levy was made under Section 937, the only section under which a levy of that kind could be lawfully made. Hence, in respect to the levy made during these two years, no apportionment between the county and the city of the taxes collected thereunder

could lawfully be made, and therefore no cause of action or suit could arise in favor of the city either from the collection of the tax or its expenditure by the county.

11. In respect to the 1921 levy, the order therefor shows that the levy was made for road purposes only, but there is nothing in the order to show whether made under one section or the other. The learned trial judge sustained the demurrer to the separate cause of suit covering said year, as well as to each of the other four causes of suit, upon the doctrine announced in *Kime* v. *Thompson, Bowers* v. *Neil* and *Roney* v. *Lane County, supra*. In those cases this court held that under the statute as it then existed, which was before it had been amended by the legislature of 1919, the state could levy a tax for road purposes under either of said statutes. The statute, as amended in 1919 and as it existed in 1921, at the time the levy in question was made, in its application to Umatilla County, was identical in terms to the statute as it existed when each of those three cases was decided. That is, the statute in 1921, so far as it applied to Umatilla County—that county having a population of more than 25,000, was permissive only, and the county was authorized to levy under the doctrine announced in those cases under either of said statutes.

Under the construction there placed upon a statute identical in terms to the existing statute, in so far as it now relates to a county having a population of more than 25,000, this court, in construing the statute and in passing upon this question, is bound by the rule announced in those cases under the doctrine of *stare decisis*. Giving effect to those decisions, the

demurrer was properly sustained to plaintiff's third cause of suit, as well as to the other four.

For these reasons the decree appealed from must be affirmed.            AFFIRMED.   REHEARING DENIED.