Argued September 8, reversed with instructions November 1, 1961

# POWELL GROVE CEMETERY ASSOCIATION *v.*
# MULTNOMAH COUNTY
### 365 P. 2d 1058

*Robert M. Christ,* Portland, Deputy District Attorney, argued the cause for appellant. With him on the briefs was Charles E. Raymond, District Attorney.

*Gregory L. Bounds,* Portland, argued the cause and filed a brief for respondent.

Before Rossman, Presiding Justice, and Perry, Sloan, O'Connell and Goodwin, Justices.

PERRY, J.

As former proprietor of a cemetery located in Multnomah county, the plaintiff in its corporate capacity brought this suit to enjoin the defendant county from proceeding as it proposes to do under ORS 214.510. The trial court granted plaintiff's prayer for a perpetual injunction and the defendant appeals.

In 1949, the legislature passed an Act which authorized Multnomah county to acquire ownership and control of the Powell Grove Cemetery. Oregon Laws 1949, ch 178. Pursuant thereto, the property and assets of the plaintiff were transferred to the defendant and thereafter the cemetery was controlled and maintained by the defendant.

In 1955, the legislature enacted ORS 214.510, which reads as follows:

"Any county which has acquired ownership or control of and maintains two or more cemeteries may, through its governing body, consolidate such cemeteries, and for that purpose may:

"(1) Disinter remains and remove such remains and any gravestones, monuments or other evidences of location or existence of graves to another burial

ground owned or acquired by the county for cemetery purposes.

"(2) Acquire real property.

"(3) Vacate cemeteries and burial grounds from which all remains have been disinterred and removed.

"(4) Sell, lease or otherwise dispose of any vacated cemetery no longer used as a burial ground or for other county purposes.

"(5) Provide funds necessary to exercise its powers under ORS 214.510 to 214.530."

The county now proposes to disinter the bodies buried in Powell Grove Cemetery and inter them elsewhere in another cemetery under its control or ownership.

The plaintiff contends this is a breach of the agreement entered into between the cemetery corporation and the county, because, in the consideration of the transfer of the cemetery to the care and custody of the county, the county agreed to care for the graves therein and "the future care and preservation of such cemetery and sell unsold lots therein for cemetery purposes; * * * to guarantee the perpetual upkeep; that it [the cemetery] not be removed from its present location, that the existing lot owners have access to their lots for burial or other proper uses without restriction."

It is to be noted, the legislative grant to the county to disinter remains and inter them elsewhere does not depend upon the county's ownership of the fee in the land itself, for the statute uses the disjunctive "or" and grants this same right as to cemeteries under its control. This becomes clear when in conjunction with ORS 214.510 we note the provisions of ORS 214.530(1), which reads as follows:

"If the county does not have a fee simple title

to cemeteries and burial grounds which have been vacated under ORS 214.510 it may acquire such title by:

"(a) Condemning any cemetery   \*   \*   \*."

Our sole inquiry in this case under the pleadings is whether or not the county may disinter the bodies buried in the Powell Grove Cemetery and thus cause an abandonment of the property for cemetery purposes. It is, therefore, unnecessary to, and we do not now, decide who may be entitled to the ownership of the property when it has ceased to be used for cemetery purposes.

■ We will assume for purposes of this opinion that an agreement as alleged by plaintiff was entered into between the parties. This contract, of course, is valid between the parties for all purposes, except it cannot be considered as a binding force to prevent the future exercise of the state's police powers. These powers cannot be "bargained or contracted away." *Laurel Hill Cemetery v. City and County of San Francisco,* 152 Cal 464, 475, 93 P 70, 74.

■ It is well-established, the legislature has the power in the promotion of the public health, safety and welfare to cause the abandonment of a cemetery and the removal of the bodies therein. *Bitney v. Grim,* 73 Or 257, 144 P 490; Ann. 71 ALR 1040.

■ It is equally well-established law that counties are subdivisions or agencies of state government, created by legislative fiat for political and civil purposes, and they are controlled and derive their powers, except as provided in the constitution, through acts of the legislature. *State ex rel. v. Malheur County Court,* 185 Or 392, 203 P2d 305; *City of Pendleton v. Umatilla County,* 117 Or 140, 241 P 979.

The purpose of the legislature in enacting ORS 214.510 was to permit the consolidation of cemeteries. We cannot believe that in granting this power to the counties the legislature was unmindful of the fact that to consolidate separate cemeteries one cemetery had to be abandoned and further use of the land for burial purposes denied, or that such action could be accomplished without police powers being invoked. Therefore, when the legislature enacted this statute, it did so on the assumption it was acting in the exercise of its police power. *Christian et al. v. La Forge,* 194 Or 450, 242 P2d 797; *Union Fishermen's Co. v. Shoemaker,* 98 Or 659, 193 P 476, 194 P 854.

■ We are not here concerned with the power of the legislature to enact this statute. No attack is made upon its constitutionality. The sole issue presented— to require continuous and perpetual care of the land for cemetery purposes—is based upon contract. As we have previously pointed out, the contractual rights must give way to the welfare of the public.

Therefore, the judgment of the trial court must be reversed with instructions to set aside the decree and dismiss plaintiff's complaint.

Neither party shall recover costs in this court.