Argued December 2, decided December 28, 1909.

## ELMORE PACKING CO. *v.* TILLAMOOK COUNTY.

[105 Pac. 898.]

TAXATION—BOARD OF EQUALIZATION—WRIT OF REVIEW.
1. Under Section 596, B. & C. Comp., the petition for a writ of review to the board of equalization must contain a statement of facts that, if true, will show *prima facie* that the lower court has acted without jurisdiction, or has exercised its functions erroneously.

TAXATION—BOARD OF EQUALIZATION—WRIT OF REVIEW—EXISTENCE OF OTHER REMEDY.

2. Under Section 597, B. & C. Comp,, making the writ concurrent with a right of appeal, a writ of review to the board of equalization will lie, notwithstanding there is also a remedy of appeal under section 8, p. 451, Laws 1907, relating to the duties of the board of equalization.

TAXATION—BOARD OF EQUALIZATION—AFFIDAVITS—VALUE.

3. Where, on review of an assessor's valuation of property, petitioners make affidavit as to the real value, the board of review is not bound to accept that affidavit as true, as the assessor's valuation is *prima facie* evidence of the value of the property.

TAXATION—BOARD OF EQUALIZATION—WRIT OF REVIEW—QUESTION OF FACT.

4. On a writ of review to the board of equalization, the reviewing court will not consider the evidence on which the inferior tribunal acted for the purpose of deciding a disputed question as to value.

TAXATION—BOARD OF EQUALIZATION—WRIT OF REVIEW—WHEN LIES.

5. A writ of review to the board of equalization will only lie in two classes of cases: First, when the inferior court or tribunal has exceeded its jurisdiction; and, second, when it has exercised its judicial functions erroneously—that is, illegally and contrary to the course of procedure applicable to the matter before it.

TAXATION—BOARD OF EQUALIZATION—WRIT OF REVIEW—SUFFICIENCY OF PETITION.

6. Under Section 3046, B. & C. Comp., as amended by Laws 1907, p. 488, § 11, providing that personal property in one's possession as trustee shall be assessed to the person in possession, and Section 3047, providing that goods, wares, and merchandise kept for sale in this State shall be taxable to the owner thereof, or to the corporation who shall have charge of or be in possession of them, a petition for writ of review to the board of equalization which alleges, without more, that the assessor wrongfully assessed 5,000 cases of salmon which plaintiff did not own, was insufficient.

TAXATION—BOARD OF EQUALIZATION— WRIT OF REVIEW.

7. A petition for writ of review to the board of equalization must be taken most strongly against the pleader.

TAXATION—BOARD OF EQUALIZATION—WRIT OF REVIEW.

8. A recital in a petition for a writ of review to the board of equalization of independent facts cannot aid the record sought to be reviewed, as it must show the facts presented by the record from which the error appears.

TAXATION—BOARD OF EQUALIZATION—WRIT OF REVIEW—ISSUES PRESENTED.

9. On a writ of review to the board of equalization, the reviewing court cannot notice questions not raised before the board of equalization.

TAXATION—PERSONALTY—PLACE OF TAXATION.

10. Under Section 3047. B. & C. Comp., providing that goods, wares, and merchandise for sale in this state shall be taxable in the county where the same shall be, cases of salmon in a cannery located in a county other than the county of the residence of the corporation owning the salmon is properly assessable where the salmon is situated.

From Tillamook:  WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE EAKIN.

The record in this case discloses that plaintiff was on March 1, 1907, a corporation, having its principal office at Clatsop County, Oregon, and at that time owned canning machinery at Nestucca and also at Garibaldi, both in Tillamook County; that there were on that date situated in plaintiff's said Nestucca cannery 5,000 cases of salmon; that on that date the county assessor of Tillamook County assessed plaintiff for the said Nestucca machinery at a valuation of $2,700, and the Garibaldi machinery at $3,000; that he also assessed to the plaintiff the 5,000 cases of salmon at $8,000; that on September 16, 1907, the assessment roll for that year, including the above assessments, was filed with the county clerk, and thereafter, on October 21st, after due notice thereof, the county judge, clerk, and assessor met as the board of equalization for Tillamook County, and on the 24th day of October plaintiff appeared before the said board and presented a petition, supported by the affidavit of its secretary, asking for a reduction of the assessment, stating that said machinery was assessed above its cash value, and that plaintiff did not, on the 1st day of March own the said 5,000 cases of salmon. Plaintiff therefore asked that the assessment on the machinery be reduced and the assessment on the salmon be canceled. The board of equalization denied the plaintiff's application, whereupon, on February 29, 1908, plaintiff presented to the circuit court a petition for a writ of review, reciting the facts above stated, and further alleging that the value of the machinery was not more than $3,000. Based upon this petition, a writ of review was issued and the clerk of the county court returned the same to the circuit court, together with a certified copy of the record of the proceedings of the board of equalization. Thereafter the defendant moved the court to quash the writ of review for the reason that

there were no facts set forth therein which warranted its issuance, and also for the reasons that the petition for the writ did not state facts sufficient to justify its issuance, and that the court had no jurisdiction of the parties therein nor of the subject-matter of the cause. This motion was allowed by the court on May 1, 1908, and the proceeding was dismissed. The plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Claude Thayer* and *Mr. Oak Nolan,* with oral arguments by *Mr. Nolan* and *Mr. George C. Fulton.*

For respondent there was a brief over the names of *Mr. John H. McNary* and *Mr. W. H. Cooper,* with oral arguments by *Mr. Charles L. McNary* and *Mr. Cooper.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. There is but one question involved upon this appeal, and that is: Does the petition for the writ state facts sufficient to authorize its issuance? The petition must contain such a statement of facts that, if taken as true, will disclose *prima facie* that the lower court has acted without jurisdiction or has exercised its functions erroneously: Section 596 B. & C. Comp.; *Southern Oregon Co.* v. *Coos Co.,* 30 Or. 250 (47 Pac. 852) ; *Fisher* v. *Union County,* 43 Or. 223 (72 Pac. 797) ; *Holmes* v. *Cole,* 51 Or. 483 (94 Pac. 964.)

2. If the cause is brought within this rule by the petition, then the writ will lie, notwithstanding there is also a remedy by appeal under Section 8 of the act of 1907 (Laws 1907, p. 451), relating to the duties of the board of equalization: Section 597, B. & C. Comp.; *McAnish* v. *Grant,* 44 Or. 57 (74 Pac. 396.)

3. But the only facts disclosed by this petition upon which error of the board is predicated are, first, that the machinery, which is assessed at a valuation of $5,700, is worth no more than $3,000; and, second, that the

plaintiff did not on the 1st day of March own the 5,000 cases of salmon. As to the valuation of the machinery, it is alleged that plaintiff's application to the board is supported by the affidavit of its secretary, and no evidence was presented by the board as to its value, and therefore the statements in the application should be accepted as undisputed facts. However, the assessor's valuation is *prima facie* sufficient evidence of the value of the property. both as against the county and the petitioner, and must be considered in weighing the effects of the plaintiff's affidavit: *Oregon Coal Co.* v. *Coos Bay,* 30 Or. 308 (47 Pac. 851.)

4. Independent of the statements in the application, the question of value is purely one of fact, which the writ will not bring to the reviewing court: *Smith* v. *City of Portland,* 25 Or. 297 (35 Pac. 665) ; *Oregon Coal Co.* v. *Coos Bay,* 30 Or. 308 (47 Pac. 850.)

5. As stated in *Garnsey* v. *County Court,* 33 Or. 206 (54 Pac. 539, 1089), the writ of review will only lie in two classes of cases: First, whenever the inferior court or tribunal has exceeded its jurisdiction; and, second, whenever it has exercised its judicial function erroneously— that is, illegally and contrary to the course of procedure applicable to the matter before it. If the inferior court has jurisdiction of the matter brought before it and proceeds in the manner provided by law, its errors cannot be reviewed by this writ.

6. As to the salmon, the petition alleges that the assessor wrongfully assessed to the plaintiff 5,000 cases of salmon, valued at $8,000, which plaintiff did not own. Section 3046, B. & C. Comp., as amended in 1907 (Laws 1907, p. 488, § 11), provides that personal property in one's possession as trustee shall be assessed to the person in possession of it. Also Section 3047, B. & C. Comp., provides that goods, wares, and merchandise kept for sale in this State shall be taxable to the owner thereof or to the

person or corporation who shall have charge of or be in possession of them. Therefore the salmon might have been assessable to plaintiff, even though plaintiff did not own the same. If the salmon was in plaintiff's Nestucca cannery, it was assessable to plaintiff, although it belonged to some other corporation or person. And the petition is insufficient as, in stating what took place before the board of equalization, it must appear, not only that the salmon did not belong to plaintiff, but that it was not in plaintiff's charge or possession.

7. The petition for the writ must be construed most strongly against the pleader, and it impliedly admits that the salmon on March 1, 1907, was in the possession of plaintiff.

8. A recital in the petition of independent facts cannot aid the record sought to be reviewed. It must show the facts presented by the record from which the error appears. Therefore it does not appear from the petition that the salmon was improperly assessed to plaintiff, nor that the board exercised its functions erroneously in denying the plaintiff's application to cancel the assessment of the salmon to it.

9. It is contended by plaintiff that, even if it did own the salmon, the same should not have been assessed to it in Tillamook County, but in the county of its residence. This question does not appear to have been presented to the board of equalization, and, if not, it cannot be raised upon review.

10. But under Section 3047, B. & C. Comp., goods, wares, and merchandise kept for sale in this State shall be taxable in the county where the same shall be either to the owner thereof or to the person or corporation who shall have charge of or be in possession of the same, and it does not appear that the salmon was not assessable in Tillamook County within the provision of that section. The motion to quash the writ was properly allowed. The judgment is affirmed.                    AFFIRMED.