Submitted on briefs May 24, decided June 28, 1910.

## DRUMMOND *v.* MIAMI LUMBER CO.

[109 Pac. 753.]

CERTIORARI—PETITION—SUFFICIENCY.

1. It is essential to the availability of a proceeding by writ of review that the petition state facts sufficient to authorize the issuance of the writ, the inadequacy of which statement is fatal to the proceeding.

JUSTICES OF THE PEACE—CERTIORARI.

2. A petition for a writ of review, to review the action of a justice of the peace in an action brought by petitioner, alleged that after hearing the evidence the court found that the allegations of plaintiff's complaint were true, but wrongfully and unlawfully found that there was no cause for instituting the action, and wrongfully and unlawfully dismissed the complaint, and unlawfully rendered a judgment against plaintiff for costs. *Held,* that the petition was insufficient.

CERTIORARI—APPLICATION FOR WRIT—SCOPE OF INQUIRY.

3. On writ of review it is only when the petition is not attacked by the proper motion or where, if so assailed, it is found to state sufficient facts that the court may look into the record in the return, to ascertain if the errors assigned are well taken.

CERTIORARI—CONSTRUCTION OF PETITION.

4. Where a petition for a writ of review is attacked by the proper motion, it must be construed most strongly against the pleader.

From Tillamook: WILLIAM GALLOWAY, Judge.

This is an appeal by the Miami Lumber Company, from an order sustaining a writ of review to review the action of a justice of the peace in an action by J. O. Drummond against appellants.    REVERSED.

Submitted without argument under Rule 16 of the Supreme Court. 50 Or. 580 (91 Pac. viii). For appellant there was a brief over the names of *Messrs. Talmage & Johnson.*

For respondent there was a brief over the name of *Mr. Oak Nolan.*

MR. JUSTICE KING delivered the opinion of the court.

This is an appeal from an order of the circuit court of Tillamook County, sustaining a writ of review from a justice court therein.

1. As authoritatively settled in this State, it is essential to the availability of a proceeding by writ of review that the petition state facts sufficient to authorize the issuance of the writ, the inadequacy of which statement is fatal to the proceeding. This makes it necessary, in the case before us, to examine only the petition presented by the record, the competency of which is assailed by proper motion.

2. Giving to the petition the full effect of the facts alleged, it appears that during the year prior to November 1, 1908, the defendant employed plaintiff to work at its sawmill at an agreed price of $2 per day; that plaintiff ceased work, demanding payment of the amount due for his services, which, it is alleged, defendant failed, neglected, and refused to pay, whereupon plaintiff instituted his action, the proceedings in which are herein sought to be reviewed. The complaint was filed on November 2, 1908, after which, on the same date, defendant paid approximately the sum demanded, and answered, admitting the debt claimed, but pleading payment. The cause came on for trial, and a jury having been waived, on December 10, 1908, a trial was had before a justice of the peace before whom the action was brought, with reference to which the petition, in addition to the foregoing, avers that "after hearing the evidence introduced by the respective parties, the said court found that the allega-

tions of plaintiff's complaint were true, and that the facts were as stated herein, but wrongfully and unlawfully found that there was no cause for instituting said action, and wrongfully and unlawfully dismissed plaintiff's complaint, and wrongfully and unlawfully rendered a judgment against the plaintiff for $18.80 for costs, and wrongfully and unlawfully denied the prayer of plaintiff's complaint." Based upon these assertions, defendant, in his petition, asked that writ of review issue, etc., and the writ was issued as prayed for.

3. Neither the answer to the plaintiff's complaint, nor the averments therein appear in the petition. So far, therefore, as is disclosed by the petition the defendant may have pleaded and established some adequate defense to the action, and that this was done may be inferred from the holding of the court to the effect that there was no cause for instituting the action. If, however, the answer was insufficient for that purpose, or if anything occurred at the trial disclosing irregularities prejudicial to the substantial rights of plaintiff, on account of which it may appear that the judgment was "wrongfully and unlawfully entered," it was incumbent upon plaintiff to so state in the petition. Whether the return to the writ will show these facts we need not inquire, for it is only when the petition is not attacked by the proper motion, or where, if assailed in this manner, it is found to state sufficient facts, that the court may look into the record contained in the return, for the purpose of ascertaining whether the errors assigned are well taken. The phrases "wrongfully and unlawfully dismissed," and "wrongfully and unlawfully denied," are insufficient to cure the defect. We can determine the truth of these assertions only by the facts from which these conclusions are deduced, which facts, in this instance, do not appear. In other words, as used in the petition, the averments are statements of conclusions only.

Sig. 19

4. The petition for the writ as here tested must be construed most strongly against the pleader, and as it discloses the court had jurisdiction to try the cause, but fails to show any facts from which any irregularity prejudicial to plaintiff may be deduced, the court erred in sustaining the writ.

For recent adjudications by this court, with which the foregoing views are in harmony, see: *Holmes* v. *Cole*, 51 Or. 483 (94 Pac. 964); *Raper* v. *Dunn*, 53 Or. 203 (99 Pac. 889); *Elmore Packing Co.* v. *Tillamook Co.*, 55 Or. 218 (105 Pac. 898), and numerous authorities therein cited.

The judgment will accordingly be reversed, and the cause remanded, with directions to dismiss the writ.

REVERSED.