Argued October 27, affirmed November 23, 1915.

## DAVIN LAND CO. v. SCHOOL DISTRICT NO. 71.

(152 Pac. 1189.)

**Pleading—Form of Allegation—Fact or Conclusion.**

1. Allegations, in a suit to enjoin the collection of school taxes by levy and sale, that the defendant school districts levied the special school tax against the plaintiff's property in the districts; that the special school levies were unauthorized and void; that no legal notice of the meeting of the voters was given; that at the meetings to vote the tax persons who were not legal voters voted on the motion to levy the tax, without showing whether they voted for or against the tax or in such numbers as would affect the result; that every act of the districts in levying the tax was void; that the acts of the county clerk, in extending the levy on the tax-rolls was illegal and void—stated merely conclusions of law, and tendered no issue.

From Wallowa: JOHN W. KNOWLES, Judge.

In Banc.    Statement by MR. JUSTICE BURNETT.

This is a suit by the Davin, Michellod Sheep & Land Company, a corporation, against School District No. 71, and others.    The facts are as follows:

The plaintiff, a corporation, owning property in Wallowa County upon which it pays taxes there, declares against the county, its sheriff and treasurer, and school districts 15 and 71 therein.    The complaint avers:

"That School District No. 15 in the said county of Wallowa for the year 1913 levied a special school tax of 5.5 mills against all the property in said district and had the same extended on the tax-rolls of said county for said year; that, by reason thereof, there was levied against the property of the Davin, Michellod Sheep & Land Company in said school district, for said special tax, the sum of $328.22."

That pleading contains a similar allegation about School District No. 71, except that the amount of the levy is different.    Then follow these statements:

"That the said special school levies made by said districts, and each of them, was not authorized, illegal, and void, and the said school districts and each of them was without authority to make said levies or any levy or levies at all.    That no legal or proper notice was given of a meeting of the legal voters of said school districts, to vote said levy as required by law.    That said levies and each of them was illegal and void. That at the meeting when said tax was attempted to be voted, and at each and all meetings in both of said districts, parties and persons voted on the motion to levy said tax who were not legal voters in said school districts.    That no record of notices of said meeting, nor of said meetings, was made and filed as required by law.    That each and every act of said districts and

each of them in attempting to make said levies or levy was unauthorized, illegal and void and contrary to the statutes of the state. That the county clerk of Wallowa County was without authority and power to extend said levy or levies upon the tax-rolls of said county, and that the acts of said clerk were illegal and void."

Narrating, in substance, that it had offered to pay to the tax collector all the taxes assessed against it except what it terms the "illegal and void special school taxes as herein specified," and that the sheriff is about to force collection thereof by levy upon and sale of its property, the plaintiff concludes with a prayer to the effect that such action be restrained and that the school district levies be canceled and held for naught. A general demurrer to this pleading was overruled. The defendants answered admitting many of the averments of the complaint and traversing the remainder. On a hearing of the issues, the Circuit Court dismissed the suit, with costs, and the plaintiff appeals.                                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Daniel Boyd.*

For respondents there was a brief over the names of *Mr. Daniel W. Sheahan* and *Mr. O. M. Corkins,* with an oral argument by *Mr. Sheahan.*

MR. JUSTICE BURNETT delivered the opinion of the court.

The allegations attacking the proceedings of the districts resulting in the imposition of taxes upon the property of the plaintiff are purely conclusions of law and contain no statement of any fact except that per-

sons voted on the motion to levy the tax who were not legal voters. As to that, it is not disclosed whether such persons voted for or against the scheme or in such numbers as would affect the result. The plaintiff cannot take anything by that statement. As to the other matter in the excerpt last quoted, it has been constantly decided by this court for many years that, if a pleader desires relief, he must state facts from which the court may draw the desired conclusions. A presentation of the deductions themselves, unsupported by averment of facts, tenders no issue. The precept is established by the precedents here noted: *Longshore Printing Co.* v. *Howell,* 26 Or. 527 (38 Pac. 547, 46 Am. St. Rep. 640, 28 L. R. A. 464, note); *O'Hara* v. *Parker,* 27 Or. 156 (39 Pac. 1004); *Southern Oregon Co.* v. *Coos County,* 30 Or. 250 (47 Pac. 584); *Fisher* v. *Union County,* 43 Or. 223 (72 Pac. 797); *State ex rel.* v. *Williams,* 45 Or. 314 (77 Pac. 965, 67 L. R. A. 167); *Holmes* v. *Cole,* 51 Or. 483 (94 Pac. 964); *Drummond* v. *Miami Lbr. Co.,* 56 Or. 575 (109 Pac. 753); *Morton* v. *Wessinger,* 58 Or. 80 (113 Pac. 7); *Cook* v. *Howard,* 59 Or. 372 (117 Pac. 320); *Splonskofsky* v. *Minto,* 62 Or. 560 (126 Pac. 15); *Hochfeld* v. *Portland,* 72 Or. 190 (142 Pac. 824).

The decree of the Circuit Court is affirmed.

AFFIRMED.