Submitted on briefs May 7, reversed June 6, 1917.

## ROETHLER v. CUMMINGS.*

(165 Pac. 355.)

**Justices of the Peace—Writ of Review—Waiver of Service of Writ.**

1. Where defendant's counsel appeared at hearing in Circuit Court of writ of review proceedings to set aside justice's judgment, the justice having voluntarily made a full return of the writ by prearrangement between counsel, and filed brief and made argument, defendant's appearance was a general one, and service of the writ was waived in view of Section 63, L. O. L., providing that a voluntary appearance shall be equivalent to personal service.

**Appearance—Presumption—General or Special.**

2. Where the court has jurisdiction of the subject matter, defendant's appearance will be presumed to have been general, where the record fails to show that it was special.

---

*As to effect of judgment obtained on unauthorized appearance by attorney, see note in 21 L. R. A. 848.  REPORTER.

**Appearance—What Constitutes—Statute.**

3. Section 63, L. O. L., providing that defendant's voluntary appearance shall be equivalent to personal service of summons, is not limited to appearance by answer, demurrer, or notice specified in Section 542, as constituting appearance, since the defendant may submit himself to the court's jurisdiction in other ways; the purpose of the latter section being to define what shall be construed such an appearance as will entitle defendant to be heard as a matter of right and to entitle him to service of papers.

**Appearance—By Attorney—Effect of Unauthorized Appearance.**

4. Where defendant admits right of an attorney to appear for him, and the attorney has been heard in behalf of his client, the latter is not in a favorable position to claim that appearance was unauthorized.

**Certiorari—Writ of Review—Pleading.**

5. In proceeding for writ of review, defendant's only pleading is a return to the writ.

**Justices of the Peace—Writ of Review—Sufficiency of Petition.**

6. Petition for writ of review alleging want of service of justice's summons, and no appearance by defendants, *held* sufficient to challenge the jurisdiction of the Circuit Court to render judgment thereon.

**Certiorari—Writ of Review—Questions Presented.**

7. A writ of review presents questions of law alone arising on the record of the inferior tribunal.

**Certiorari—Writ of Review—Contradiction of Record.**

8. The record of the inferior tribunal brought up on writ of review cannot be contradicted on re-examination by the reviewing court, although incorrect.

**Appearance—Service of Process—Waiver of Objection.**

9. Where attached property was released on defendant's bond as provided by Section 310, L. O. L., defendant's application therefor was a general appearance, gave the court personal jurisdiction instead of jurisdiction *in rem*, and waived irregularities in service of process.

**Appearance—Nature of.**

10. The character of an appearance as general or special does not depend upon the form of the procedure, but upon its substance and the relief sought.

> [As to test as to whether appearance is special or general, see note in Ann. Cas. 1914A, 1189.]

From Baker: GUSTAV ANDERSON, Judge.

In Banc. Statement by MR. JUSTICE BEAN.

This is a proceeding for a writ of review to set aside the judgment of the Justice's Court in an action

wherein H. J. Cummings was plaintiff and Amos Roethler and David Lee were defendants. The writ was sustained by the Circuit Court and defendant Cummings appeals.

Submitted on briefs under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

REVERSED. WRIT DISMISSED.

For appellant there was a brief over the name of *Mr. Orville B. Mount.*

For respondents there was a brief over the name of *Mr. James H. Nichols.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. The first error assigned for consideration upon this appeal is that there was no service of the writ. It appears, however, that by prearrangement made between counsel for the respective parties the justice of the peace voluntarily made a full return to the writ, and counsel for defendant Cummings appeared at the hearing, filed a written brief, and made an argument in the Circuit Court. The service of the writ was therefore waived by defendant. Section 63, L. O. L., provides that:

"From the time of the service of the summons, or the allowance of a provisional remedy, the court shall be deemed to have acquired jurisdiction, and to have control of all the subsequent proceedings. A voluntary appearance of the defendant shall be equivalent to personal service of the summons upon him."

2, 3. In a case where the court has jurisdiction of the subject matter the appearance by the defendant will be presumed to have been general, where the record fails to show that such appearance was special: *Godfrey*

v. *Douglas County,* 28 Or. 446, 453 (43 Pac. 171).   Section 542, L. O. L., is as follows:

"A defendant appears in an action or suit when he answers, demurs, or gives the plaintiff written notice of his appearance, and until he does so appear he shall not be heard in such action or suit, or in any proceeding pertaining thereto, except the giving of the undertakings allowed to the defendant in the provisional remedies of arrest, attachment, and the delivery of personal property.   When the defendant has not appeared, notice of a motion or other proceeding need not be served upon him, unless he be imprisoned for want of bail, or unless directed by the court or judge thereof in pursuance of this code."

It has been held that the voluntary appearance mentioned in Section 63 is not limited nor defined by the terms of this section, as one may appear and submit himself to the jurisdiction of the court without either answering, demurring, or giving the plaintiff a written notice of his appearance; that the purpose of this section is to define what shall be construed such an appearance as will entitle a defendant to be heard as a matter of right, and to have served on him all papers which the law requires to be served: See *Belknap* v. *Charlton,* 25 Or. 41, 44 (34 Pac. 758); *Kinkade* v. *Myers,* 17 Or. 470 (21 Pac. 557); *Multnomah Lumber Co.* v. *Weston Basket Co.,* 54 Or. 22, 26 (99 Pac. 1046, 102 Pac. 1).

4. Where the right of an attorney to appear for a defendant is conceded and the former has been heard in behalf of his client, pursuant to his authority, the latter is not in a favorable position to claim that the appearance was not authorized.   He should not be permitted to take advantage of an informality which his adversary has not exacted in the matter of giving written notice of appearance: *Carter* v. *Koshland,* 12 Or. 492 (8 Pac. 556).

5. In a proceeding for a writ of review the only pleading on the part of defendants is a return to the writ: *Gaston* v. *Portland*, 48 Or. 82, 85 (84 Pac 1040). It is not essential that any motion or formal plea be filed by the defendant in order to defend against the writ. In the case at bar defendant Cummings had a full hearing in the Circuit Court and all the advantage of his "day in court." His appearance was a general one and he is bound by the determination in the cause. If there was any error in the Circuit Court so proceeding with the hearing it was invited by defendant and he cannot complain.

6. The second error alleged is that the petition for the writ is insufficient. It alleges *inter alia* that the complaint and summons in the action in the Justice's Court were never served upon either of the defendants, and that there was no answer filed nor any appearance on behalf of either of them; also, that no application or motion to set aside the judgment was ever prepared or filed, as appears from the docket entries of the Justice's Court.

The petition is sufficient to challenge the jurisdiction of that court to render the judgment therein. It is therefore necessary to examine the return to the writ which discloses the procedure in the Justice's Court as follows: On August 28, 1916, a complaint was filed, summons issued, an affidavit and undertaking for an attachment were filed, and a writ of attachment issued. On August 30th, Amos Roethler personally appeared and a bond with two sureties was filed for a release of the sheep under attachment in the action and a notice to the keeper of the property of such release was issued to defendant Roethler. On September 6, 1916, a default judgment for $219.35 was entered which, when corrected, was against the

partnership of Amos Roethler and David Lee, and Amos Roethler personally, and an execution was ordered against the defendant "and their bondsmen." The docket of the Justice's Court also recites the following:

"Application to file motion to set aside judgment and vacate order of default received from James H. Nichols, attorney for defendants, September 7, 1916.

"Application to file motion to set aside judgment and vacate order of default, denied, September 30, 1916."

Section 2417, L. O. L., directs that

"actions at law in justices' courts shall be commenced and prosecuted to final determination, and judgment enforced therein, in the manner provided in the code of civil procedure for similar actions in courts of record, except as in this act otherwise provided. * * *"

7, 8. A writ of review presents questions of law alone arising on the record of the inferior tribunal, and such record, though incorrect, cannot be contradicted on reexamination by the reviewing court: *Curran* v. *State,* 53 Or. 154 (99 Pac. 420); *Raper* v. *Dunn,* 53 Or. 203 (99 Pac. 889); *Gue* v. *City of Eugene,* 53 Or. 282 (100 Pac. 254); *Evans* v. *Marvin,* 76 Or. 540, 550 (148 Pac. 1119, 1121).

9, 10. Section 310, L. O. L., provides in effect that whenever the defendant shall have appeared in the action, he may apply, upon notice to the plaintiff, to the court or judge or clerk where the action is pending, for an order to discharge the attachment upon the execution of the undertaking mentioned in Section 311; and if the application is allowed, the property shall be released from the attachment and delivered to the defendant. The undertaking required is to the effect

"that the sureties will pay to the plaintiff the amount

of the judgment that may be recovered against the defendant in the action.''

Such an instrument was delivered to the Justice's Court upon an application of the defendants to discharge the attachment in the proceedings in question and obligated the sureties to pay any judgment that might be rendered against the defendants. Based thereon the property of the defendants was released from the attachment. Such a procedure bound them to enter an appearance as contemplated by Section 310, L. O. L., or be proceeded against as in case of personal service. Unlike the undertaking for a redelivery or forthcoming bond provided for in Section 305, to be given to the attaching officer, the application to discharge the attachment invokes the judgment of the court upon a matter which presupposes and acknowledges the jurisdiction of such tribunal, or asks for relief which can be granted only after jurisdiction has been acquired. Such an appearance by defendants was a general one and gave the Justice's Court jurisdiction of their persons. The character of the appearance does not depend upon the form of the procedure, but upon its substance and the relief sought: *Winter* v. *Union Packing Co.,* 51 Or. 97 (93 Pac. 930); *Spores* v. *Maude,* 81 Or. 11, 17 (158 Pac. 169); *Anvil Gold Min. Co.* v. *Hoxsie,* 125 Fed. 724, 728 (60 C. C. A. 492); 4 C. J., p. 1331, § 25, where it is stated:

"The giving of a bond operating as a discharge or dissolution of an attachment or garnishment operates as an appearance converting the action from one *in rem* into one *in personam.*"

So here, by appearing and making application to the Justice's Court for a release of their property then under attachment, the defendants in effect said to the

court: "Grant our request and we will give security that we will pay any judgment that may be rendered against us in the action pending." Their pledge to the court was not that the judgment would be paid if the officer could find the defendants and make proper service of the summons upon them. They had already authorized the court to proceed in the matter. There had been an attempted service upon the agent of defendants which was of no force. This irregularity or failure was waived by defendants by the proceedings referred to. The Justice's Court having jurisdiction of the subject matter the action was thereby converted from one *in rem* into one *in personam*. The ruling in this state in this respect is in consonance with the general rule: See 4 C. J., *supra,* and notes; 2 R. C. L., p. 332, § 12. This view renders it unnecessary to consider the effect of the application made by defendants to set aside the judgment in the Justice's Court. We note, however, that no record appears of any answer to the complaint being tendered by them in that action.

There were informalities in the Justice's Court which the petition refers to and which we have examined. We find no fatal defect nor any error in the procedure affecting the substantial rights of those defendants. It is alleged in the petition that the complaint unites several causes of action. Such an irregularity should have been taken advantage of by a demurrer and is cured by judgment: Sections 68 and 72, L. O. L.; 31 Cyc. 776, et seq.; *Davidson* v. *Oregon & Cal. R. R. Co.,* 11 Or. 136 (1 Pac 705). From the return to the writ of review we find no substantial error. It follows that the judgment of the lower court must be reversed and the writ dismissed and it is so ordered.            REVERSED. WRIT DISMISSED.