Argued December 11, 1918, affirmed February 11, 1919.

## CHAPMAN *v.* HOOD RIVER COUNTY.

(178 Pac. 379.)

**Ferries—License—Landings—Encumbrance on Land.**

1.  A license to operate a ferry across a river under Sections 6489, 6491, L. O. L., without designating the property to be used for landing, could not become an encumbrance upon property of a third party.

**Courts—Jurisdiction—County Courts—Real Property.**

2.  The County Court had no jurisdiction to hear and determine the title to real property.

**Certiorari—Petition—Sufficiency.**

3.  A petition for review of proceedings in the County Court for granting a ferry license is insufficient where it does not show that such license grants the use of plaintiff's land for a landing place without plaintiff's consent or injures some substantial right of plaintiff in view of Section 605, L. O. L.

**Certiorari—Other Remedy.**

4.  A writ of review should not be allowed in a ferry license proceeding in the County Court, where the party has any other plain, speedy, and adequate remedy.

> [As to questions reviewable upon *certiorari*, see note in 40 Am. St. Rep. 29.]

From Hood River: FRED W. WILSON, Judge.

Department 2.

Frank Larson presented his petition to the County Court of Hood River County to obtain a license to operate a public ferry from the City of Hood River across the Columbia River to the town of Underwood in the State of Washington for a period of five years, alleging that:

"The landing place of said ferry at said City of Hood River will be, during the high water period, at the public road leading northerly from the O.–W. R. & N. Company's passenger depot, and on the land adjacent thereto, and at other times of the year on the bank of the Columbia River at the water-mark opposite the said City of Hood River, at or near the terminus of said road."

With the petition were filed a copy of the notice of application for a license, the affidavit of the posting of the notice and proof of service thereof on the plaintiff. To the granting of such license the plaintiff filed a remonstrance in which she recited that she was the owner of "all that part of the east half of the Nathaniel Coe Donation Land Claim which is north of a line that is 230 feet northeasterly from and parallel with the northerly boundary line of the right of way land of the O.–W. R. & N. Company in the city and county of Hood River," and alleged:

"That said ferry license would be a cloud upon the title to her said land, and the operation of said ferry on and over her said land would work great injury thereto.

"That there is no public road on her said land. * * "

Third, that the railroad company claims that there is no public road across the railroad near the depot at Hood River; fourth, that prior to 1908 "a public road existed in Hood River from First Street straight northerly across the railroad land, but it has been abandoned for some nine years by the public," and also that the landing places are uncertain and indefinite; that the route of the ferry would be up and down rather than across the river, and that the County Court had no authority to grant a license for a ferry landing in the State of Washington over and

across the Columbia River, and no authority to grant a license for any ferry except across a stream within said county.

Without taking any testimony the County Court overruled the objections and on May 2, 1917, made an order granting the license upon the payment of five dollars per annum and the filing of an approved bond. The plaintiff then applied to the Circuit Court of that county for a writ of review of the proceedings of the County Court in granting the license, claiming that said court had exceeded its jurisdiction and had granted such license without a trial of any of the questions of fact set forth in the objections, and alleging in substance the identical facts in her petition for a writ of review which are set out in the remonstrance filed in the County Court.

The defendants then appeared, brought up a certified copy of the proceedings in the County Court and then filed a motion to quash the writ, for the reason that the petition therefor "does not state facts sufficient to show that said petitioner is entitled to or that there should be any writ of review or that there should be any order or judgment made by this court or that the said petitioner is entitled to any relief," specifying six different grounds for the motion. After argument the Circuit Court quashed the writ, from which ruling the plaintiff appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. H. H. Riddell.*

For respondents there was a brief and an oral argument by *Mr. Ernest C. Smith.*

JOHNS, J.—1-4. Section 6489, L. O. L., provides:

"The County Court of any county in this state may grant a license to any party applying therefor to keep a ferry across any lake or stream within its respec-tive county, upon being satisfied that a ferry is neces-sary at the point applied for. * * "

And Section 6491 says:

"Unless otherwise provided by law, no such license shall be granted to any person other than the owner of the land embracing or adjoining such lake on stream where the ferry is proposed to be kept, unless the landing place of such proposed ferry shall be at the end of a street in an incorporated city or town or unless the owner shall neglect to apply for such license; and whenever application shall be made for a license by any person other than such owner, the County Court shall not grant the same unless proof be made that the applicant caused notice in writing of his intention to make such application to be given to such owner, if residing in the county, at least ten days before the term of court at which application is made. * * "

Section 605, L. O. L., provides that a writ shall be allowed where it appears that the inferior court has erroneously exercised its functions or has exceeded its jurisdiction "to the injury of some substantial right of the plaintiff, and not otherwise." The plain-tiff would not and could not be injured by the grant-ing of a license or the operation of a ferry across the Columbia River. The license granted was based upon the following order of the County Court:

"Now at this time comes Frank Larson by his attorney, Ernest C. Smith, and petitions the court for a license to operate a ferry between Hood River and Underwood, Washington, and it appearing to the court that due and legal notice has been given, and

that the objections filed by W. S. Chapman is a matter to be left up to Larson, and it further appearing that $5 is a reasonable license fee per year and that 5 years is a reasonable length of time to grant said license.

"It is therefore ordered that the Clerk issue said license upon the payment of $5 in advance for the first year and upon the applicant filing a bond to be approved by the County Judge."

Nothing is said in this order about the place where the ferry should land at Hood River, and the effect of the order would be to give a "license to operate a ferry between Hood River, and Underwood, Washington. The granting of the license would not convey any right to the use of plaintiff's lands by Larson or anyone else without her consent. While it is true that in the plaintiff's remonstrance there is a recital of her ownership of certain lands, there is no specific allegation that she is such owner. But assuming that she did allege ownership, the County Court has no jurisdiction to hear and determine the title to real property. The case of *Canyonville & Galesville Road Co.* v. *Douglas County,* 5 Or. 280, is in point. On page 282 of the opinion this court said:

"It was insisted by counsel for the appellant that when the objections were filed in the County Court, that tribunal should have entertained them and passed upon the questions raised. In cases of this character the remedy is not confined to one tribunal. Much depends upon the particular remedy sought. The County Court has power in the first instance to lay out roads, but must make all the proceedings conform to the statute. In some cases by review, and in others by appeal, the Circuit Court may annul the proceedings in the County Court, or may correct an assessment of damages or the like. The County Court, however, has not jurisdiction to try questions of title,

or rights arising out of the exercise of eminent domain. These matters must be tested in a tribunal invested with fuller powers, having wider jurisdiction, one in which can be administered full relief, either by injunction or otherwise.''

Also, in the concurring opinion, Mr. Justice Mc-ARTHUR said:

''The best test as to the right to a writ of review, laid down by the authorities, is whether the one seeking it is a party in form or substance to the proceeding sought to be reviewed so as to be concluded by the determination therein. * * I am utterly unable to conceive of any order the County Court could have made, in the matter of laying out the county road complained of, which would or could have concluded the appellant. Besides, the writ should not be allowed where the party has any other plain, speedy and adequate remedy.''

Assuming that the plaintiff is the owner of the lands in question, any attempt of the County Court to issue a license to Larson which would authorize him in the operation of a ferry to make a landing thereon would be null and void. The County Court would not have jurisdiction to make such an order, and such license would not be a cloud upon the title to plaintiff's lands. There is nothing to show how or in what manner the plaintiff has been or would be injured in any substantial right by the granting of the license. The judgment of the Circuit Court is affirmed.

AFFIRMED.

McBRIDE, C. J., and BEAN and BURNETT, JJ., concur.