Submitted on brief June 17, reversed July 6, 1920.

## COLE *v.* PORTLAND.

(190 Pac. 720.)

**Municipal Corporations—Trial of Policeman—Executive Board— Civil Service Commission—Charter.**

1. It is not necessary that a sergeant of police, tried for misconduct, should be arraigned and required to plead before the executive board and the civil service commission, where neither the charter nor rules make any such requirements, since such proceedings are more or less informal and are left somewhat to the discretion of the commissioners.

**Evidence—Presumption—Executive Board—Civil Service Commission—Good Faith.**

2. It must be assumed that the executive board of a city and its civil service commission acted in good faith for the best interests of the police force and of the public in removing a police officer.

**Municipal Corporations—Review—Dismissal of Policeman—Evidence —Sufficiency—Findings.**

3. On writ of review as to sufficiency of cause to justify dismissal of police officer by executive board, which was confirmed by civil service commission, where there is any evidence whatever to sustain the findings of the board and commission, the reviewing court cannot inquire into and pass on the facts.

From Multnomah: GEORGE N. DAVIS, Judge.

In Banc.

This proceeding is a writ of review to bring up the proceedings of the board of civil service commissioners of the City of Portland, Oregon, confirming and refusing to set aside the action of the executive board of that city in discharging the plaintiff, who was a member of the police force thereof. The case is an old one, and has been pending on appeal for a long time. There is no brief or appearance of any kind on behalf of the plaintiff and respondent.

The plaintiff was a sergeant in the police force of Portland in the early part of the year 1912. It appears from his petition for a writ of review that

charges were filed against him before the executive board by A. G. Rushlight, who was then mayor of the city. Plaintiff appeared in answer to the charges and a trial was had before the committee on police, and evidence was introduced tending to show that the plaintiff had violated the rules governing the police force by going to the mayor over the head of the chief of police in the matter of his transfer from one district to another, and that immoral soliciting had been more or less carried on in his district, without any arrest being made by him.

The police committee sustained the charges, and recommended his dismissal from the force, and such dismissal and discharge was ordered by the executive board. Thereafter the plaintiff appeared before the civil service commission and asked for reinstatement, and after hearing the case and receiving evidence *pro* and *con,* the dismissal by the executive board was sustained.

The evidence that was taken before the police committee of the executive board appears in the return, but the evidence before the civil service commission does not appear. The members of the executive board are not made defendants in the proceeding, individually or as a body.

After the civil service commission had sustained the dismissal of the plaintiff, he applied to the Circuit Court for Multnomah County for a writ of review, alleging:

"That said dismissal was unlawful and without cause, for the reason that the petitioner herein was not arraigned and given an opportunity to plead to the charges made against him; that the evidence was erroneously construed; that the charges were erroneously construed; that there was error in rendering the decision that the order of removal should be sus-

tained; that there was error on the part of said Civil Service Commission, in dismissing said Cole from said Police Department; that there was error in admission of the testimony on the hearing of the trial of this petitioner; that there was no testimony authorizing the dismissal of this petitioner from the Police Department; that error was committed in allowing A. G. Rushlight, as Mayor, to act as accuser, witness, and a member of the Civil Service Commission and Executive Board which acted as the court and judges in the matter of the written charges preferred against E. W. Cole, petitioner herein.

After the hearing of the writ of review in the Circuit Court there was an order setting aside the dismissal of the plaintiff by the civil service commission and remanding the cause to said commission for a new trial. From this order the defendants appealed to this court.        REVERSED.

For appellants there was a brief submitted over the names of *Mr. Walter P. La Roche,* City Attorney, and *Mr. Lyman E. Latourette,* Deputy City Attorney.

For respondent *Messrs. Stott & Collier* and *Mr. H. H. Northrup,* appeared in the Circuit Court.

BENNETT, J.—We are of the opinion that there was no error on the part of the executive board and civil service commission which can be revised in this review proceeding.

1. It is true that the record does not show that the plaintiff was arraigned or required to plead at his trial before the executive board and civil service commission. But the charter of the city does not require any such arraignment or plea, and at the time these proceedings were commenced before the executive

board, there were no rules requiring anything of the kind.

2. The plaintiff appeared and had ample opportunity to, and did in fact, answer the charges before the executive board, and the proceeding before the civil service commission was initiated by him. Such proceedings are, in the nature of things, more or less informal, and something must be left to the wise discretion of the board of commissioners. It must be assumed, in the first instance, that the executive board and the civil service commission acted in good faith, and for the best interests of the police force and of the public.

It is urged that the mayor who filed the charges also sat as a member of the executive board, and a member of the commission at the time of the trial. Even if we assume that the fact that he had filed the charges against the plaintiff disqualified him from acting as a member of the board or commission while the matter was before them, it does not sufficiently appear that he participated in the trial to justify the court in reviewing the proceedings upon that ground. Indeed, his own affidavit and the affidavit of another of the commissioners show that he did not, and these affidavits are not disputed in any way.

3. In order to review the finding of the commission as to the sufficiency of the cause to justify the dismissal of the plaintiff as a police officer, it would be necessary for this court to pass upon a question of fact. There seems to have been a trial of the facts before the police committee, and another trial before the civil service commission, in both of which trials there was a finding against the plaintiff. Under the circumstances, the courts would not be justified in interfering with the result of these trials.

It is well settled that upon a review the court cannot inquire into and pass upon the facts, when there is any evidence whatever to sustain the findings of the tribunal sought to be reviewed: *Poppleton* v. *Yamhill County,* 8 Or. 337, 340; *Smith* v. *Portland,* 25 Or. 297, 301 (35 Pac. 665); *Oregon Coal Co.* v. *Coos Co.,* 30 Or. 308, 310 (47 Pac. 851); *Garnsey* v. *County Court,* 33 Or. 201 (54 Pac. 539, 1089); *Roethler* v. *Cummings,* 84 Or. 442, 447 (165 Pac. 355).

In *Smith* v. *Portland,* 25 Or. 297, 301 (35 Pac. 665), Mr. Justice MOORE, delivering the opinion of the court and quoting from the previous decision, said:

"The authorities * * fully sustain the position that the writ of review only brings up the record of the inferior court, and that the superior court, upon review, tries the cause only by the record, and only as to questions of jurisdiction, and as to error in proceeding. It will not on review try questions of fact."

The judgment of the Circuit Court must be reversed, and the finding and decision of the civil service commission affirmed.          REVERSED.