Submitted on briefs June 15, reversed July 6, 1926.

# OREGON CITY *v.* CLACKAMAS COUNTY ET AL.

### (247 Pac. 772.)

**Certiorari.**

1. Under Section 605, Or. L., writ of review must not issue except petition shows inferior tribunal was exercising judicial function.

**Certiorari.**

2. Under Section 605, Or. L., ministerial acts or orders are not reviewable by writ of review.

**Highways.**

3. Action at law is appropriate remedy to compel payment to city of portion of road taxes due it.

**Highways.**

4. County Court in apportioning road taxes due city under Section 4600, Or. L., exercises no judicial function reviewable by writ of review under Section 605.

**Certiorari.**

5. Writ of review will lie only when no other adequate, complete or plain remedy exists.

**Certiorari.**

6. Writ of review should not issue except petition discloses facts entitling petitioner to relief prayed.

**Highways—Under Statute City is not Entitled to 70 per cent of Road Taxes Collected on Taxable Property Within it (§.4600, Or. L.).**

7. Under Section 4600, Or. L., city is not entitled to 70 per cent of road taxes collected on taxable property within it, but only to that proportion of 70 per cent of all road taxes collected which the taxable property within the city bears to the whole amount of taxable property in the county.

**Evidence.**

8. It is common knowledge that all taxes levied are not paid.

**Certiorari.**

9. On motion to quash petition for writ of review, only petition itself will be considered.

---

1. See 5 R. C. L. 258.
5. See 5 R. C. L. 256.

Certiorari.

10. That court on writ of review made findings of fact and adopted conclusions of law not required *held* not in itself reversible error.

Appeal and Error, 4 **C. J.**, p. 1060, n. 15 New.
Certiorari, 11 **C. J.**, p. 97, n. 45, 52, p. 98, n. 55 New, p. 189, n. 69.
Highways, 29 **C. J.**, p. 739, n. 14, p. 740, n. 17, p. 741, n. 23.
Review, 34 **Cyc.**, p. 1696, n. 1, p. 1698, n. 34, p. 1701, n. 61, 62, p. 1713, n. 28.

From Clackamas: GEORGE R. BAGLEY, Judge.

In Banc.

On the ninth day of March, 1925, Oregon City filed a claim with the County Court of Clackamas County to recover the sum of $39,635.45, which the city claimed to be due it for road taxes collected from the taxpayers within Oregon City and withheld by the county. After deliberating over the claim some time, the County Court rejected said claim in the following order, to wit:

"The above claim having been presented to the County Court and having been under consideration for some time, and the Court being advised that the City of Oregon City has received a *pro rata* of road money from Clackamas County in the same manner and in the same proportion as all the cities and road districts in Clackamas County:

"It is now ordered and adjudged that the said claim be and the same is hereby denied."

The claim so presented and rejected covered the years 1919 to 1924 inclusive. The plaintiff being dissatisfied undertakes by this proceeding to have the order of the County Court rejecting its claim reviewed. The petition for a writ of review covers the claim of the City for the six years. The claim

covering the year 1919 is as follows so far as is material:

"That under and by virtue of the laws of the State of Oregon, Oregon City as a municipal corporation is constituted an independent road district, and has been such independent road district for more than ten years last past."

That Section 4600, Or. L., provides as follows: (Here follows a copy of a part of said Section 4600.)

"That under and by virtue of the laws of the State of Oregon, the County Court of Clackamas County, Oregon, on the 27th day of December, 1918, levied a tax of .0093 mills on each dollar on all the taxable property in said county, including the taxable property in Oregon City, which said tax was computed upon the assessment-roll compiled for the year 1919, and that said tax has been collected by the Sheriff of Clackamas County, and paid over to the Treasurer of said County. That for the year 1919 the Sheriff of Clackamas County as Tax Collector of Clackamas County, under and by virtue of the said levy for the General Road Fund, collected and turned over to the Treasurer of said county from the taxable property within the boundaries of Oregon City so computed for the General Road Fund, the sum of $26,-755.54 which said sum was collected and paid over to the Treasurer of said county.

"That under and by virtue of the laws of the State of Oregon the City of Oregon City was entitled to the sum of $18,728.88 being 70 per cent of the total amount of taxes so levied and collected from the taxable property in Oregon City, Oregon, for the General Road Fund for the year 1919.

"That the Treasurer of Clackamas County paid the Treasurer of Oregon City during the year 1919 the sum of $14,286.17 and no more on account of the taxes so collected as a General Road Fund tax from the taxable property in Oregon City, for the year 1919.

"That there is still due and owing from the County of Clackamas to Oregon City the sum of $4442.71 on account of the taxes collected from the taxable property in Oregon City for the General Road Fund for the year 1919."

The petition for writ of review sets out a similar statement for the years 1919 and 1924, inclusive. The material difference being in the amount of money collected and paid.

The defendants moved to quash the writ. First, because the petition for the writ does not state sufficient facts. Second, the court has no jurisdiction over the subject matter involved in this. (a) Waived by defendants. (b) That the petition involves no question of law. (c) The statute of limitations. This cause was heard by the Circuit Court on the thirtieth day of July and thereafter said court made and entered eighteen findings of fact, seven conclusions of law and entered a decree. Among other findings of fact is the following:

"XVIII. That said Writ and the return thereto does not disclose the total taxable value of the real and personal property located in Clackamas County subject to taxation for either of the years 1919, 1920, 1921, 1922, 1923, or 1924, and does not disclose the taxable value of the real and personal property of the various road districts and municipalities therein subject to taxation for the years 1919, 1920, 1921, 1922, 1923 and 1924."

The decree annuls and sets aside the order of the County Court disallowing the claim.

" * * because the same was and is erroneous and exceeded the right and jurisdiction of said court to the injury of the substantial right of the plaintiff. And it is further ordered that within thirty days from and after date of this decree the County Court

of the said defendant, Clackamas County, shall proceed to determine from the records of Clackamas County the amounts of money actually collected by it in the years 1919, 1920, 1921, 1922, 1923 and 1924 upon said road levies for each of said respective years as in the Findings of Facts and Conclusions of Law in this cause filed, and to ascertain the whole taxable value of the taxable property of Clackamas County for each of said respective years, and to ascertain the taxable value of the property located in Oregon City for each of said respective years, and to apportion to the plaintiff, Oregon City, for each of said years the amount to which it is entitled to said moneys so derived from said road tax levies as provided in section 4600 Oregon Laws, and to allow said claim of the plaintiff in the amount to which it is entitled, less the amounts paid thereon.''

Costs and disbursements are awarded to the plaintiff. The errors assigned on appeal in this court are: Denial of the motion of the defendants to quash the writ; making findings of fact; adopting conclusions of law; annulling and setting aside the order of the County Court; entering the decree directing the County Court to determine the amount of money due to the plaintiff from the defendants on account of the road taxes collected during the years 1919 to 1924, inclusive. The real question presented to this court for solution is whether or not the order of the County Court rejecting the claim of plaintiff was subject to review by writ of review. It is contended on the part of defendants that the remedy of plaintiff is by an action at law.                    REVERSED.

For appellants there was a brief over the names of *Mr. Livy Stipp,* District Attorney, *Mr. O. D. Eby,* and *Mr. Earle C. Latourette.*

For respondent there was a brief over the name of *Mr. C. Schuebel.*

COSHOW, J.—Section 605, Or. L., prescribes the duty of a writ of review in this language:

"The writ shall be concurrent with the right of appeal, and shall be allowed in all cases where the inferior court, officer, or tribunal in the exercise of judicial functions appears to have exercised such functions erroneously, or to have exceeded its or his jurisdiction, to the injury of some substantial right of the plaintiff, and not otherwise.

1–3. Before a writ of review will issue it must appear from the petition that the inferior court, officer of tribunal whose order is sought to be reviewed was exercising judicial function. Ministerial acts or orders are not subject to be reviewed: *Cole* v. *Portland,* 96 Or. 645, 649 (190 Pac. 720); *Sustar* v. *County Court for Marion County,* 101 Or. 657, 660 (201 Pac. 445); *Roethler* v. *Cummings,* 84 Or. 442, 447 (165 Pac. 355). The amount of road taxes a city is entitled to, after collection, is ascertainable by exact computation, and the appropriate remedy is by an action at law to recover the amount due the city: *Creason* v. *Douglas County,* 86 Or. 159, 161 (167 Pac. 796); *West* v. *Coos County,* 115 Or. 409 (237 Pac. 961, 40 A. L. R. 1362); *Wallowa County* v. *Oakes,* 46 Or. 33, 35, 36 (78 Pac. 892); *Gilliam County* v. *Wasco County,* 14 Or. 525 (13 Pac. 364); *State* v. *Baker County,* 24 Or. 141 (33 Pac. 530).

4. Did the County Court exercise any judicial function in apportioning the taxes admitted to have been transferred to Oregon City? The statute governing the apportionment of taxes, in so far as is applicable, reads as follows:

"It shall be, and is hereby made, the duty of the (county) court or commissioner's court of each county in this state to levy a tax of not less than one mill nor more than ten mills on the dollar on all taxable property in such county at the time of making the annual tax levy, which shall be set apart in the county treasury as a general road fund, * * . Seventy per cent thereof shall be apportioned to the several road districts, including districts composed of incorporated cities and towns in such proportion as the amount of taxable property in each district shall bear to the whole amount of taxable property in the county, and the remaining thirty per cent shall be applied to roads in such locality in the county as the county court or commissioner's court may direct; * * ." Or. L., § 4600.

The law further provides that incorporated cities are separate road districts and the 70 per cent to be turned over to the road districts shall be transferred to such incorporated cities to be expended under the management of the officials thereof. It has been recently held by this court that this statute enjoins that duty upon the county which it must exercise. The county has no discretion except as to the amount of the levy: *City of Astoria* v. *Cornelius* (Or.), 240 Pac. 233. The statute defines specifically what shall be done by the County Court in making the apportionment. No discretion in making the apportionment is left to the County Court. No inquiry is to be made nor is any judgment to be exercised by that court. Its sole duty is confined to ascertaining by computation the amount of taxes which is to be apportioned to the several road districts and transfer the proper amounts to the incorporated cities as separate road districts within the county. The County Court is not called upon, therefore, to exer-

cise any judicial function in making the apportionment of taxes properly allowable to the city road districts.

The plaintiff relies on the cases of *Oregon City* v. *Moore,* 30 Or. 215 (46 Pac. 1017, 47 Pac. 851), and *Oregon City* v. *Clackamas County,* 32 Or. 491 (52 Pac. 310). An examination of these cases, however, discloses that they are in harmony with this opinion. Under the law as construed in those cases the County Court had a judicial function to perform. The law prescribes:

"Such County Court shall apportion the taxes so collected among the several road districts in the county, having due regard to the amount of taxes collected in the several road districts, to the condition of the roads, and necessity for repairs, and to the amount of travel thereon." Laws 1893, p. 60.

It clearly appears that the application of the statute from which the above excerpt is taken required an investigation and inquiry, the exercise of discretion and judgment which was properly held to be the exercise of judicial functions.

5. The law is well settled in this state that a writ of review will lie only when there is no other adequate, complete or plain remedy. Plaintiff had a complete remedy by an action at law: Authorities cited above; *Chapman* v. *Hood River County,* 91 Or. 92, 97 (178 Pac. 379).

6. The petition for the writ of review does not state facts sufficient to authorize the issuance of a writ. Before a writ should issue the petition must disclose facts entitling the petitioner to the relief prayed for: *Sustar* v. *County Court,* 101 Or. 657, 660 (201 Pac. 445); *Davin Land Co.* v. *School Dist. No. 71,* 78 Or. 273, 275 (152 Pac. 1189); *Hochfeld* v. *Port-*

*land,* 72 Or. 190, 193 (142 Pac. 824); *Drummond* v. *Miami Lumber Co.,* 56 Or. 575, 576 (109 Pac. 753); *Holmes* v. *Cole,* 51 Or. 483, 486 (94 Pac. 964); *Fisher* v. *Union County,* 43 Or. 233 (72 Pac. 797).

7, 8. The petition in the instant case demands that the county turn over to it 70 per cent of the taxes collected from the taxable property in Oregon City. The facts stated in the petition show only the amount of the taxes collected from the property in Oregon City and 70 per cent thereof. The law does not require the county to turn over to Oregon City 70 per cent of the taxes collected therefrom. The requirement of the law is that such proportion of the 70 per cent of the road fund collected as the total taxable property within Oregon City bears to the total taxable property in Clackamas County shall be transferred to the City. If all of the taxes levied in the county were paid that proportion would be 70 per cent. It is a matter of common knowledge that all taxes levied are not paid. As a matter of practice it is not at all likely that the delinquent taxes of Oregon City would be the same proportion as the delinquent taxes of other parts of the county. The legislature evidently took cognizance of that fact, else why the provision to apportion the 70 per cent of taxes collected in the proportion the taxable property of Oregon City bears to the taxable property of the county? If the legislature intended that the county should pay to the several road districts 70 per cent of the amount of the taxes collected therefrom it would have been a very easy matter to have said so.

The county is not required to pay 70 per cent of the entire taxes levied for road purposes but only 70

per cent of the amount collected: *City of Pendleton* v. *Umatilla County,* 117 Or. 140 (241 Pac. 979). For example: If Clackamas County collected $200,000 for road purposes for the year 1919, 70 per cent of that amount or $140,000 should have been distributed to the various road districts of the county. The amount, however, to be apportioned to any individual road district was such proportion of that $140,000 as the total taxable property of the district bears to the total taxable property of the entire county. This part is not at all likely to be 70 per cent of the amount collected from a particular road district. From all that appears in the petition the county may have transferred to Oregon City the entire amount due it.

9. In considering the petition for the writ of review upon a motion to quash only the petition itself will be considered: *Drummond* v. *Miami Lumber Co.,* 56 Or. 575, 576 (109 Pac. 753); *Holmes* v. *Cole,* 51 Or. 483 (94 Pac. 964).

10. While it was not necessary for the court to make findings of fact and adopt conclusions of law, its doing so was a mere matter of supererogation: *Kime* v. *Thompson,* 60 Or. 183 (118 Pac. 174). That of itself does not constitute reversible error.

For the reasons assigned herein the judgment of the Circuit Court is reversed and the cause remanded, with directions to allow the motion to quash.

REVERSED AND REMANDED.

McBRIDE, C. J., took no part in this decision.