Argued 19 July; decided 28 July, 1902.

## NELSON *v.* YAMHILL COUNTY.

[69 Pac. 678.]

HIGHWAY PETITION—DESCRIPTION OF TERMINUS.

1. Under Section 4062 of Hill's Ann. Laws, requiring a petition for the location of a county road "to specify the place of beginning, the intermediate points, if any, and the place of termination," such a document is sufficient if from its terms these points can be definitely ascertained; thus, a petition is sufficient when the terminus can be definitely ascertained by following the description from the initial point—and particularly when it can be further fixed by pursuing the last two calls from a given point. It is not necessary that the petition describe each or any point with such exactness or detail that it can be found without referring to any other part of the petition.

From Yamhill: REUBEN P. BOISE, Judge.

Proceeding by Yamhill County to establish a county road. Judgment for the county, and Amos Nelson brings a writ of review.                                              AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. J. E. Magers* and *Mr. W. T. Vinton.*

For respondent there was a brief and an oral argument by *Mr. John J. Spencer.*

MR. JUSTICE BEAN delivered the opinion.

This is a proceeding, by writ of review, to annul and set aside the action of a county court in locating and establishing a county road. The only question for decision is whether the terminus thereof is sufficiently specified in the petition for its location. The road, as set out in the petition, begins at a certain definite point with reference to a previously located county road and the government survey; runs thence by course and distance to angle 1; thence in the same way to angle 2, and so on, for about two miles, to angle 29, "at southeast corner of C. E. Baker's land"; from thence it runs according to courses and distances about three quarters of a mile to angle 34, "at a point 20 feet west of the southeast corner of Amos Nelson's land claim; thence north,

on a line 20 feet west of said Nelson's east line, 39.19 chains, to angle 35 in said Nelson's field; thence north, 55 degrees 40 minutes west, 15.74 chains, to a stake, for terminus of proposed county road,—said stake being set in the center of a certain county road now there,—and from which point an oak 12 inches in diameter bears south, 79½ degrees west, 85 links distant, and an oak 10 inches in diameter bears north, 62½ degrees west, 185 links distant." The contention is that, although the terminus of the proposed road can be definitely ascertained from the courses and distances as given in the petition, it is insufficient because it is not certain and definite of itself, and without reference to other calls in the description. It is argued that the law contemplates and requires that a petition for the location of a county road shall specify the place of beginning, the intermediate points, if any, and the terminus of the road, so that each can be ascertained and determined by any person whose interests might be affected from an inspection of the petition, without reference to any other part of the description. But we do not so interpret the statute. It requires a petition for laying out, altering, or locating a county road to "specify the place of beginning, the intermediate points, if any, and the place of termination of said road": Hill's Ann. Laws, § 4062. And this requirement is complied with when these points are so designated "that a person of ordinary intelligence need not mistake their location": *Woodruff* v. *Douglas County,* 17 Or. 314 (21 Pac. 49). The statute deos not require the route of the proposed road to be stated with technical accuracy. It is sufficient if the petition conveys to those interested information of the beginning, intermediate, and terminal points, and its general course. When, from the description as given in the petition, these points can be definitely ascertained, it is all the law requires: 2 Lewis, Em. Dom. (2 ed.), § 350; *Ames* v. *Union County,* 17 Or. 600 (22 Pac. 118). Now, in the case at hand there can be no difficulty in ascertaining the terminus of the proposed road from the description contained in the petition. By commencing at the initial point and following the calls, the route can be accurately traced, as it seems to have been

41 OR.—36.

carefully surveyed before the petition was filed. But if it is not allowable to use the initial point as a call in ascertaining the terminus, under the doctrine that that is certain which can be made so, as held in some of the authorities *(Miller* v. *Porter,* 71 Ind. 521), the latter point can be ascertained and located by interested parties, and without imposing any unreasonable burden upon them, from the call at angle 34, 20 feet west of the southeast corner of Nelson's land claim; and that is all the law requires. The judgment of the court below is therefore affirmed.

Affirmed.

Decided 28 July, 1902.