Argued December 3, decided December 22, 1908.

## BOIRE *v.* YAMHILL COUNTY.

[98 Pac. 520.]

HIGHWAYS—ESTABLISHMENT—PLEADING AND EVIDENCE.

In a suit to restrain the location of, a highway, a claim that the road viewed, located, and established was on the north, instead of the south side of a stream, and that, instead of running in a northwesterly direction to the terminal point as described in the petition, it ran in a southwesterly direction for a considerable distance, and then made an obtuse angle with the route petitioned for, could not be urged unless pleaded.

From Yamhill: WILLIAM GALLOWAY, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is a suit to enjoin and restrain defendant county and its officers and agents from opening a county road over and across the premises of plaintiffs as laid out and established by the county court on April 8, 1905.

The complaint, after describing plaintiffs' land, sets out in full the petition for the proposed road; the notice thereof and proof of posting; the order of the county court, directing the board of county road viewers to meet at a certain time and place to view out the proposed road, and to report to the court as to its practicability and public utility, and the damages, if any, that would be sustained by persons through whose land it will run; the report of the viewers, together with the field notes of the road as actually surveyed and located by them; and the order of the county court establishing the road and ordering it opened. It is then averred that the county court had no jurisdiction or authority to make the order establishing the road, and that the road supervisor, under instructions of the county and its officers, entered upon plaintiffs' land and commenced to grade and remove earth therefrom, and continues and threatens to do so, to plaintiffs' irreparable injury and damage. A demurrer was sustained to the complaint, and plaintiffs appeal.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. George W. Joseph.*

For respondent there was a brief over the names of *Mr. John H. McNary* and *Mr. R. L. Conner,* with an oral argument by *Mr. Conner.*

Opinion by Mr. Chief Justice Bean.

There are no statements in the complaint showing in what respect the proceedings of the county court establishing the road in question, are alleged to be void and without jurisdiction. Two points are made in the brief: (1) That the intermediate points of the proposed road are not sufficiently designated in the petition; and (2) that there is a material variance between the route of the proposed road as described in the petition and that actually established. The first point does not seem to be insisted upon, and it is enough to say that the description is sufficiently definite and certain within the rule announced by this court in *Ames* v. *Union County,* 17 Or. 600 (22 Pac. 118), and *Nelson* v. *Yamhill County,* 41 Or. 560 (69 Pac. 678). The other point is that the road selected by the viewers and actually established by the county court was not upon the route described in the petition. In the petition for the location of the road, a certain point on Otterbrook is designated as one of the intermediate points, from which the road is to run on the south side of said creek to its intersection with the west line of the Spencer donation land claim; and from thence in a northwesterly direction on the most practicable ground to a certain iron pin or stake, the terminal of the road. It is claimed that the road, as viewed out and located by the viewers and established by the county court, is on the north, and not the south, side of Otterbrook, and that, in place of running in a northwesterly direction from the west line of the Spencer donation land claim to the terminal point, it runs in a southwesterly direction for a considerable distance, thus

making an obtuse angle with the route as contained in the petition. There are no allegations in the complaint upon which to base either of these contentions. Otterbrook is not mentioned in the record of the county court except in the petition and the notice. It is not referred to in the report of the viewers nor in the field notes of the road as surveyed and located by them, and there is therefore no means of determining from the record whether it follows the south or north side of such brook. Neither is there anything in the record nor averment in the complaint to show whether the road runs in a northwesterly or southwesterly direction from the west line of the Spencer donation land claim. These are matters of fact *aliunde* the record, and, if relied upon by plaintiff as a ground for equitable relief, should be averred in the complaint.

There was no error in sustaining the demurrer, and the decree of the court below is affirmed.

AFFIRMED.