Argued July 12, decided July 18; rehearing denied August 1, 1911.

## COOK v. HOWARD.

[117 Pac. 320.]

LANDLORD AND TENANT—UNLAWFUL DETAINER—COMPLAINT—ESSEN-
TIALS.

1. A complaint in forcible entry and detainer is insufficient, which
states that defendant was a tenant by sufferance, and has remained on
the premises in disregard of a notice to quit, but fails to state that
defendant entered by force or holds by force within Section 7569, L. O. L.,
or facts equivalent to an unlawful holding over by force within Section
7566.

LANDLORD AND TENANT—"ESTATE AT SUFFERANCE."

2. An estate at sufferance is where one comes into possession of land
by lawful title, but keeps it afterwards without title; as where a lessee
for a year holds after the term expires without any fresh lease from the
owner.

PLEADING CONCLUSIONS.

3. Averment that a particular tenancy is a tenancy at sufferance is
insufficient to raise an issue, being a mere legal conclusion.

From Douglas: JAMES W. HAMILTON, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is an action by Mary A. Cook against A. A. How-
ard for forcible entry and detainer. The complaint is as
follows:

"Plaintiff, for her cause of action against the defend-
ant, complains and alleges: That on or about March 24,
1901, plaintiff executed a lease to the defendant for the
use of the following described premises, to wit: The
north half and the southeast quarter of the northwest
quarter of section 22, township 28 south of range 4 west
of the Willamette Meridian in Douglas County, Oregon,
or what is generally known as the old 'Porter Place,'
of which the plaintiff is the owner and legal holder
thereof. That by the terms of said lease the said tenancy
has been a tenancy at sufferance, and that plaintiff has
served notice upon the defendant to vacate, but defend-
ant, disregarding said notice, has continued to unlaw-
fully remain on the said premises, for which said defend-
ant refuses to pay rent. Wherefore plaintiff demands
judgment, against the defendant as follows: That the
defendant be required to deliver up the possession of said
premises forthwith. That defendant be required to pay

a reasonable rental for said premises and the costs and disbursements herein laid out and expended."

The following sections of Lord's Oregon Laws are applicable to the questions raised on this appeal:

"Section 7566.   The following shall be deemed causes of unlawful holding by force within the meaning of this chapter:  (1) When the tenant or person in possession of any premises shall fail or refuse to pay rent within ten days after the same is due on the lease or agreement under which he holds, or to deliver possession of said premises after being in default on payment of rent for ten days.   (2) When the lease by its terms has expired, and has not been renewed, or when the tenant or person in possession is holding from month to month, or year to year, and remains in possession after notice to quit, as in this act provided, or is holding contrary to any condition or covenant of such lease or is holding without any written lease or agreement therefor."

"Section 7569.   In such action it shall be sufficient to state in the complaint a description of the premises with convenient certainty, that the defendant is in possession thereof, that he entered upon the same with force, or unlawfully holds the same with force, as the case may be, and that the plaintiff is entitled to the possession thereof."

Plaintiff had judgment, and defendant appeals.

REVERSED.

For appellant there was a brief over the names of *Mr. Commodore S. Jackson* and *Mr. B. S. Steel,* with an oral argument by *Mr. Jackson.*

For respondent there was a brief submitted without argument by *Messrs. Cardwell & Watson.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. Tested by the requirements of the above sections of the statute, the complaint fails to state a cause of action. It nowhere states that defendant entered by force or that he holds by force, as required by Section 7569.   Nor does it state facts equivalent to an unlawful holding over by force, under the provisions of Section 7566.

2. The complaint states that plaintiff executed a lease to defendant, but does not give the terms of the lease, and states the legal conclusions that by its terms defendant's tenancy has been a tenancy at sufferance.

"An estate at sufferance is where one comes into possession of land by a lawful title but keeps it afterwards without any title at all. As if a man takes a lease for a year and after a year is expired continues to hold the premises without any fresh lease from the owner of the estate." 2 Black. *150.

3. The conditions under which one may become a tenant at sufferance are so varied that the statement that his tenancy is of that character is a legal conclusion only and insufficient to raise an issue. The allegation that plaintiff has served notice to quit fails to state the date of such service so as to comply with the section above cited. For this reason the judgment of the circuit court is reversed, and the cause remanded for proceedings not inconsistent with this opinion.

REVERSED: REHEARING DENIED.