Argued September 25, decided October 7, 1913.

## PURDIN v. HANCOCK, SHERIFF.

(135 Pac. 515.)

**Pleading—Complaint—Sufficiency.**

1. A demurrer is properly sustained to a complaint seeking to enjoin the collection of a special road tax, where it merely alleged that no legal notice of any meeting of taxpayers of the road district was published or given, that no lawful meeting was held, and that no valid or legal vote was taken in the district to authorize any special road tax or levy, such allegations being mere conclusions of law.

**Tender—Legal Tender—What Constitutes.**

2. To make it effectual, a tender must not be fettered with a condition, imposed by the one making it, that a discharge shall be executed releasing him from all demands.

[As to the efficiency of tender and what amounts thereto, see notes in 77 Am. Dec. 470; 30 Am. St. Rep. 460.]

From Washington: JAMES U. CAMPBELL, Judge.

Department 1.   Statement by MR. JUSTICE BURNETT.

This is a suit by Ira E. Purdin and Elmer Purdin against George G. Hancock, sheriff of Washington County, Oregon, and Washington County, Oregon.

The plaintiffs allege that they are owners of real and personal property situated in road district No. 29, in Washington County. They allege that the county judge and commissioners of that county, sitting as a board for the transaction of county business, "did on December 31, 1909, attempt to levy a special road tax of five mills on the dollar of taxable property in said road district No. 29 aforesaid, and directed the county clerk of said county to extend the same against the taxable property of said road district No. 29 upon the tax-roll of said county for said year 1909." After reciting the amount of special taxes apportioned to the several classes of property in question, the complaint alleges:

"That in attempting to make said pretended special road tax levy said county judge and said county commissioners, sitting as a board for the transaction of county business, as aforesaid, and constituting the county commissioners' court of said Washington County, Oregon, acted without authority in the premises, and said pretended special road tax levy was and is wholly null and void. That no legal notice of any meeting of the taxpayers of said road district No. 29 was posted, published, or given, to be held in the month of December, 1909, or at any other time during said year, and no lawful meeting of the taxpayers of said road district No. 29 was held in the month of December, 1909, or at any time during said year, to vote upon the question of levying any special road tax in said road district, and no legal or valid vote was had or taken in said road district to authorize any special road tax levy on the taxable property of said road district No. 29 for said year 1909. That the extension of said pretended special road tax levy upon the tax-roll of said county, for the year 1909, against the taxable property in said road district No. 29 was illegal and unwarranted, and said alleged special road tax was and is wholly null and void."

It is also averred that at a date mentioned the plaintiffs tendered to the sheriff certain amounts which they admitted to be due in payment of taxes, and demanded a receipt in full for all taxes for the year 1909. They pray that the special road tax mentioned be declared null and void, and that the sheriff be enjoined from attempting to collect the same.

A general demurrer to the complaint was sustained, and, plaintiffs declining to plead further, a decree was entered dismissing the suit, from which they appeal.

AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. W. N. Barrett.*

For respondents there was a brief over the names of *Mr. Thomas H. Tongue, Jr.,* and *Mr. Edmund B. Tongue,* with an oral argument by *Mr. Thomas H. Tongue, Jr.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The demurrer was properly sustained. The allegations of the complaint which have been quoted contain merely conclusions of law. No fact is properly pleaded, where, for instance, it is said that "no legal notice of any meeting of the taxpayers of said road district No. 29 was posted, published, or given," "no lawful meeting of the taxpayers of said road district No. 29 was held," and "no legal or valid vote was had or taken in said road district to authorize any special road tax levy." The ultimate facts showing the defects complained of should have been stated, so that the court would be able to draw the conclusion that the procedure was illegal or invalid: *Longshore Printing Co.* v. *Howell,* 26 Or. 527 (38 Pac. 547, 46 Am. St. Rep. 640, 28 L. R. A. 464); *State ex rel.* v. *Williams,* 45 Or. 314 (77 Pac. 965, 67 L. R. A. 167); *Morton* v. *Wessinger,* 58 Or. 80 (113 Pac. 7); *Cook* v. *Howard,* 59 Or. 372 (117 Pac. 320); *Splonskofsky* v. *Minto,* 62 Or. 560 (126 Pac. 15).

2. To make it effectual, a tender must not be fettered with a condition, imposed by the one making it, that a discharge shall be executed releasing him from all demands. He must rely in that respect only upon the force the law gives to the tender.

The decree of the Circuit Court is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE RAMSEY concur.