Argued March 7, affirmed March 19, 1918.

## MORTON *v.* HOOD RIVER COUNTY.

### (171 Pac. 584.)

**Highways—Establishment—Notice—Beginning and Terminal Points.**

1. Notice of intention to present petition for establishment of a county road states definitely the beginning and terminal points as required by Section 6279, L O. L., it giving a definite government corner as the terminus, and it being easy by retracing the description, given by courses and distances, to arrive at the starting point.

> [As to meaning of word "near" with respect to location of highway, see note in **Ann. Cas.** 1913D, 120.]

**Evidence—Presumption—Acts of Court.**

2. While the County Court, in acting on a petition for establishment of a county road, is one of special and limited jurisdiction, yet when that jurisdiction is obtained the same applies to its acts as to a court of general and superior jurisdiction.

**Highways—Establishment—County Court—Jurisdiction.**

3. The County Court obtains jurisdiction in a proceeding to establish a county road, on the filing of the petition and proof of posting of the notices required by law.

**Eminent Domain—Establishment of County Road—Damages—Presenting Claims.**

4. After the County Court obtains jurisdiction in a proceeding to establish a county road, persons claiming to be land owners along the route must seasonably present their claims for damages, stating the facts as to their ownership.

**Eminent Domain—Establishment of County Road—Claims to Lands and Damages—Road Viewers.**

5. It is no part of the road viewers' duties in proceeding to establish a county road to settle or even investigate conflicting claims to

the lands through which the road passes, but they in a general way assess the damages to the tracts, and the owners, being constructively in court by reason of the posting of the notices of the application, should file their claim for damages in the County Court, or by appeal to the Circuit Court litigate the question of ownership, as well as of damages.

### Highways—County Road—Establishment—Writ of Review.

6.   Persons have no right to a writ of review of proceeding to establish a county road, on the ground that, not being parties to the record of the road proceeding, they had no right of appeal; but having legal notice of such proceeding, they were required to make themselves parties to the record.

### Highways—County Road—Proceeding in Rem—Notice.

7.   A proceeding to lay out a county road is in its essence a proceeding *in rem*, except that the application may be defeated by a remonstrance pursuant to Section 6288, L. O. L., so that the notice is process of the whole world.

### Highways—County Road—Proceeding to Establish—Necessity.

8.   The County Court is the final judge of the necessity or utility of a proposed county road, and of the right of the county to condemn and appropriate lands therefor.

### Highways—Proceeding to Establish—Minor Owners.

9.   That owners of land through which a county road was established on sufficient notice were minors, and did not make themselves parties and present their claims for damages, did not make the proceeding void.

### Pleading—Legal Conclusion.

10.   Allegation of petition for writ of review of proceedings to establish a county road, that the board of county road viewers did not mark the trees on the proposed road "in accordance with the statute," is a mere legal conclusion.

### Highways—County Road—Establishment—Marking Trees.

11.   Compliance with the requirement of the statute that the board of county road viewers mark the trees on the proposed road is not jurisdictional in a proceeding to establish a county road.

### Pleading—Legal Conclusions.

12.   Allegation of petition for writ of review of proceedings to establish a county road, that the County Court met on a certain day, without notice to plaintiffs, and out of the regular order provided by law, and illegally proceeded to order said road laid out, opened, and established, to the injury of plaintiffs, is with the exception of the statement that the court met on such day, without notice to plaintiffs, nothing but a series of legal conclusions.

### Highways—County Road—Proceeding to Establish—Time.

13.   Proceedings to establish a county road were not invalidated by the County Court, at the same term, ordering the road viewed, receiving the viewers' report, and making the order of establishment; no statute being violated.

88 Or.—10

From Hood River: FRED W. WILSON, Judge.

For appellants there was a brief and an oral argument by *Mr. J. W. Morton.*

For respondents there was a brief and an oral argument by *Mr. A. J. Derby,* District Attorney.

Department 2.

McBRIDE, C. J.—1, 2. This is a proceeding to review the action of the County Court in the location and laying out of a county road, which, it is alleged in the petition, was attempted without the court having obtained jurisdiction for that purpose. It is claimed first that the notice of intention to present the petition for the establishment of the road was insufficient, by reason of the fact that the beginning and terminal points of the road are not definitely stated, as required by Section 6279, L. O. L. The description began as follows:

"Beginning at (state intermediate points) and terminating at a point on the East line of Edgar Locke property, 1734+ North of the Center of Section 32, Township 3 North, Range 10 East of the Willamette Meridian. Said point being designated as Sta. 1006:30 of the Columbia River Highway survey; Thence Easterly along said survey as follows: N. 87 deg. 47 min. E. to Station 1012: 57.6", giving calls, directions, distances, curves and stations, and concluding as follows: "Thence 50 deg. 36 min. E. to Sta. 1081:75, point, of Ending 845 ft. West of Sec. Cor. common to Secs. 28, 27, 33 and 34, Township 3 N. Range 10 E. W. M., said road being 60 feet wide."

Taken in its entirety this description is absolutely definite and cannot be mistaken. The notice was probably prepared upon one of the blank forms furnished

by the counties of the state for the convenience of petitioners, and there is some want of care manifested in filling out the blanks, but the end of the survey is tied to a definite government corner, and by retracing the description it is easy to arrive at the starting point, which is thereby made definite.

That such a description is sufficient is settled in this state by *Nelson* v. *Yamhill County,* 41 Or. 560 (69 Pac. 678). There is no claim that the petition did not follow the notice; in fact it is shown that they coincide as to the description. While the County Court, when acting upon a petition for the establishment of a county road, is a court of special and limited jurisdiction, yet when that jurisdiction is once obtained the same presumption applies to its acts as to those of a court of general and superior jurisdiction: 11 Cyc. 693.

3–5. The court obtained jurisdiction by the filing of the petition and proof of posting the notices required by law. Thereafter it was the duty of the appellants, who claim to be landholders along the route of the proposed road, to have seasonably presented their claim for damages, stating the facts as to their ownership. It is no part of the road viewers' duties to settle or even investigate conflicting claims to the lands through which the road passes. In a general way they assess the damages to the tracts, and the owners being constructively in court by reason of the posting of the notices of the application, should file their claim for damages in the County Court, or by appeal to the Circuit Court, litigate the question of ownership, as well as the amount of damages.

6–8. It is claimed that the petitioners in the writ were not parties to the record and therefore had no right of appeal, but it was their duty, having legal notice of the proceeding, to make themselves parties to the

record, and if they have failed so to do, this of itself
does not give them a right to review the proceedings.
A proceeding to lay out a county road is in its essence
a proceeding *in rem,* except that the application may
be defeated by a remonstrance, as provided in Section
6288, L. O. L. The necessity or utility of the road,
or the right of the county to condemn and appropriate
lands for that purpose, cannot be contested in the
courts, the County Court being the final judge of these
matters, the object of the notice being (1) to furnish
objectors an opportunity to remonstrate, and (2) to
give owners of land an opportunity to present their
claims for damages. Being a proceeding *quasi in rem*
the notice was process against the whole world, and
the order appropriating the land was absolutely con-
clusive. This being so, the order directing the road
to be opened is unassailable on review.

9. It is alleged in the petition for the writ that two
of the petitioners were minors at the time the order was
made directing the establishment of the road, and it
is contended with much plausibility that they have not
had their day in court as to the modicum of their dam-
ages. As before shown, the notice complied with the
requirements of the statute and the taking of the
property was therefore lawful. The fact that some
of the petitioners were minors did not render the pro-
ceeding void. If, by reason of their minority and
lack of guardianship, they failed to present their claim
for damages, it may be possible that they still have
that right by an independent action to recover such
compensation. The authorities on this subject are
collated with great care and industry in 28 L. R. A.
(N. S.) 968, in a note to *Boise Valley Const. Co.* v.
*Kroeger,* 17 Idaho, 384 (105 Pac. 1070). We express

no opinion as to the efficacy of such a remedy here, as the matter is not before us.

10, 11. It is also urged that the proceeding is void because

"the board of county road viewers did not mark the trees on said proposed road in accordance with the requirements of the statutes of the State of Oregon."

The allegation states a mere legal conclusion. It does not state that the trees were not marked in some way, but merely that they were not marked in "accordance with the statute." Waiving this objection to the pleading, we are of the opinion that this requirement in this respect is not jurisdictional, and no substantial right of plaintiffs has been invaded by such omission.

12. Another alleged error is

"That said County Court met on the fifteenth day of March, 1917, without notice to said plaintiffs, and out of the regular order provided by law and illegally proceeded to order said county road laid out, opened and established to the injury of said plaintiffs."

With the exception of the statement that the court met on the fifteenth day of March without notice to plaintiffs, this allegation contains nothing but a series of legal conclusions. Why a meeting of the court on the fifteenth day of March, or even the historic seventeenth day of March, should be "out of the regular order provided by law" is not disclosed.

13. It is complained that the court ordered the road viewed, received the report of the viewers, and made the order establishing the road at the same term, and that thereby the rights of petitioners in this writ were prejudiced. We find no provision of the statute requiring the report to lie over until the next term of

the court, and while the proceedings seem to have been carried on with singular and unusual expedition, the law was apparently followed in every particular.

Upon consideration of the whole case we are of the opinion that the petition states no substantial error in the proceedings, and the judgment of the Circuit Court is affirmed.                                   AFFIRMED.

MOORE and BEAN, JJ., concur.

MCCAMANT, J., concurs in the result.