Argued September 16, affirmed September 29, 1925.

# CREDIT SERVICE COMPANY *v.* F. F. PETERS AND R. L. SABIN.

## (239 Pac. 810.)

**Garnishment—Garnishment Proceeding by Writ of Attachment is Ancillary Action to Recover from Garnishee Property Belonging to Principal Defendant.**

1. Garnishment proceeding by writ of attachment is ancillary action against garnishee to recover from him debt or property owing or belonging to principal defendant.

**Garnishment — Allegations in Garnishment Proceeding Subject to Same Objections as Complaint.**

2. Allegations, so called in Section 315, Or. L., in garnishment proceeding, constitute complaint against garnishee and are subject to same objections as complaint in original action.

**Fraudulent Conveyances—Allegations in Garnishment, by Writ of Attachment for Goods Transferred in Violation of Statute, must Affirmatively Plead Facts.**

3. In action to recover in garnishment proceeding goods transferred in violation of Section 8161, Or. L., allegations of plaintiff must show affirmatively that there were creditors of principal defendant at time of the transaction, with names, addresses and amount due to each.

**Pleading—Allegations in Garnishment, Under Writ of Attachment, That Sale Violated Statute is Conclusion of Law Raising No Issue.**

4. In action to recover goods in garnishment by writ of attachment, allegations "that said sale was in violation of Sess. Laws of 1913, page 537, in that no certificate, under oath, was made, * * as provided in said Session Laws," was mere legal conclusion and raised no issue.

---

(1) 28 C. J. 22.    (2) 28 C. J. 274.    (3) 27 C. J. 768.    (4) 31 Cyc. 63.

From Multnomah: W. N. GATENS, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief over the name of *Mr. N. Ray Alber*, with an oral argument by *Mr. William B. Layton*.

For respondent there was a brief over the name of *Mr. W. G. Keller*, with an oral argument by *Mr. Sidney Teiser*.

BURNETT, J.—It appears from the record that in the action of the plaintiff against defendant Peters, a writ of attachment was issued and the same was served upon R. L. Sabin, attaching in his hands all property of the defendant. Answering the writ in the first instance, Sabin said in substance that he had nothing in his hands belonging to the defendant. The substance of the contention for the plaintiff under the allegations filed against Sabin is that about July 30, 1919, the defendant, Peters, sold a stock of merchandise in bulk to one Neuishin and afterwards the latter assigned his interest in the stock of merchandise to Sabin. Concerning the sale from Peters to Neuishin, the allegation is as follows:

" * * that said sale was in violation of Chapter 281 of the Session Laws of the State of Oregon for 1913, in that no certificate under oath was made by the vendor respecting his creditors, and that no notice to the creditors of the vendor was made or given by the vendor or vendee at least five days before the consummation of such bargain or purchase, and at least five days before paying or delivering to the vendor any part of the purchase price or consideration therefor, as provided in said Session Laws."

This averment is denied by Sabin's answer. The proceeding originated in the District Court in Multnomah County and Sabin took an appeal from an adverse judgment there to the Circuit Court, where, on a trial without the intervention of a jury, the following findings of fact were made and filed:

"That the sale, as set forth in plaintiff's complaint, was a sale in bulk of the goods, wares and merchandise, appliances, stock, equipment and fixtures of said defendant, F. F. Peters, but that said sale was not in violation of Chapter 281 of the Session Laws of the State of Oregon for 1913.

"That subsequent to the sale by defendant, F. F. Peters, to one Sam Neuishin, as set forth in said complaint, said Sam Neuishin assigned his right, title and interest in and to said stock of goods, wares and merchandise, equipment, fixtures and appliances to R. L. Sabin, garnishee herein.

"That there is no evidence to show that the parties on whose behalf plaintiff brought this action were creditors of said F. F. Peters when said sale in bulk was made as aforesaid."

From these findings the court deduced a conclusion of law resulting in a judgment in favor of Sabin, from which the plaintiff has appealed.

1. Garnishment proceedings in the stage presented by the present record are in the nature of an ancillary action against the garnishee to recover from him a debt or property owing or belonging to the principal defendant: *Keene* v. *Smith,* 44 Or. 525 .(75 Pac. 1065); *Overturff* v. *Carroll,* 109 Or. 326 (219 Pac. 1081).

2. The allegations, so called in Section 315, Or. L., constitute a complaint by the plaintiff against the garnishee and are subject to the same objections as if they were a complaint in an original action. The plaintiff is before us claiming under Section 8161,

Or. L., whereby it is made the duty of the buyer of a stock of merchandise and fixtures, at least five days before paying or delivering to the vendor any part of the purchase price, to demand and receive from the vendor a written statement, under oath, containing the names and addresses of all the creditors of the vendor, together with the amount of indebtedness by him owing to each and all of them, or in the alternative, if there are no such creditors, a written statement, under oath, to that effect, and it is made the duty of the vendor to furnish such statement. The effect of a failure to observe these conditions of the section just noted is prescribed in Section 8162, Or. L., to be that "the purchase, sale or transfer as to any and all creditors of the vendor shall be conclusively presumed to be fraudulent and void." On the theory that the transfer by Peters was thus void, the plaintiff deduces the conclusion that Neuishin had no title which he could impart to Sabin in the same property, with the result that the property in the hands of the latter is in very truth the property of Peters and subject to the payment of his debts.

3. There are two situations in which action is required on the part of the vendee, as well as the vendor, in the transfer of a stock of goods in bulk. One is where there are creditors of the vendor, and the other is where there are no creditors. The second of these situations may be laid aside. The transaction was attacked, if at all, on the ground that a list of the creditors was not furnished. Under such circumstances the allegations are not complete unless they show facts sufficient to require on the part of the original parties to the bulk sale the action prescribed by the statute. In other words, to meet the requirement of the statute, proceeding under the first

situation mentioned, the allegations of the plaintiff against the garnishee must show affirmatively that there were creditors of the principal defendant in existence at the time of the transaction with their names, addresses and amount due to each of them.

4. Respecting the findings of fact, the abstract of record discloses that the plaintiff objected in the court below to the first paragraph thereof, to the effect that it is a conclusion of law and not a finding of fact. As to that, we observe that the same criticism may be applied to the allegations respecting the sale wherein it was declared "that said sale was in violation of Chapter 281 of the Session Laws of the State of Oregon for 1913, in that no certificate, under oath, was made, etc., * * as provided in said Session Laws." This is purely a conclusion of law. The primary facts should be alleged so that the court would be able to determine therefrom whether or not the sale was in violation of the law or whether or not the certificate, if any, was such "as provided in said Session Laws." Mere legal conclusions appearing in a pleading raise no issue: *State* v. *Chadwick,* 10 Or. 423; *O'Hara* v. *Parker,* 27 Or. 156 (39 Pac. 1004); *State* v. *Malheur County Court,* 54 Or. 255 (101 Pac. 907, 103 Pac. 446); *Splonskofsky* v. *Minto,* 62 Or. 560 (126 Pac. 15); *Purdin* v. *Hancock,* 67 Or. 164 (135 Pac. 515); *Davin Land Co.* v. *School District No. 71,* 78 Or. 273 (152 Pac. 1189); *Klovdahl* v. *Springfield,* 81 Or. 168 (158 Pac. 668); *Morton* v. *Hood River County,* 88 Or. 144 (171 Pac. 584); *Askay* v. *Maloney,* 92 Or. 566 (179 Pac. 899); *Almada* v. *Vandecar,* 94 Or. 515 (185 Pac. 907); *Pearson* v. *Richards,* 106 Or. 78 (211 Pac. 167).

From a perusal of the testimony reported with the bill of exceptions there was some sort of certificate,

but that document is not before us, not having been included in the record. A suggestion has been made that it was lost, but there has been no effort to supply a copy as in case of lost documents; hence we cannot regard the suggestion. If the paper was regularly before us, under a proper averment, we might be able to conclude whether or not it was a valid instrument.

Because the allegation attacking the sale states only a conclusion of law, and does not disclose that there were any creditors of the vendor at the time mentioned in the allegations about the sale in the ancillary action, they are insufficient to afford the plaintiff any relief.

The judgment of the Circuit Court is therefore affirmed.                                              AFFIRMED.

McBRIDE, C. J., and RAND and COSHOW, JJ., concur.